Tom **MOULTON**, Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent-Appellee.

No. 83–2263.

United States Court of Appeals, Tenth Circuit.

May 4, 1984.

Tom Moulton, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, and Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the United States Tax Court sustaining the Commissioner of Internal Revenue's deficiency and additional tax assessments in the petitioner's federal income taxes for the years 1975–1979.

Upon being notified by the Commissioner that a deficiency existed, petitioner sought a redetermination in the United States Tax Court. In that petition he claimed that the wages and number of hours used to determine the deficiency, as shown by the Department of Labor statistics, were not correctly applied in his case.

After a hearing before the tax court, where petitioner appeared pro se, the deficiency and additional taxes determined by

the Commissioner were sustained. This appeal followed.

On appeal, petitioner claims primarily that the tax court failed to recognize his Fifth Amendment privilege against self-incrimination.

■ A review of the record of the proceedings in the tax court reveals that the petitioner was treated fairly by the court. He was given ample opportunity to argue his case and submit any supporting evidence. Petitioner failed to overcome the presumption of correctness attributed to the Commissioner's federal income tax deficiency and additional tax assessments. *Ruidoso Racing Ass'n, Inc. v. Comm'r*, 476 F.2d 502 (10th Cir.1973). The findings of fact made by the tax court were not clearly erroneous. *See Merchants Nat'l Bank of Topeka v. Comm'r*, 554 F.2d 412 (10th Cir.1977).

■ The Fifth Amendment general objection has been repeatedly determined by this court not to be a valid claim of the constitutional privilege. *United States v. Stillhammer*, 706 F.2d 1072, 1076 (10th Cir.1983).

The respondent requests on appeal that this court consider entering sanctions against the petitioner pursuant to Fed.R. App.P. 38.

Petitioner did not raise any issue at any level of review that has not already been addressed by this court or other circuits numerous times. Petitioner made little, if any, attempt in the tax court to produce books and records of his income to rebut the presumption of correctness. The tax court judge found the petitioner's arguments lacking in legal merit. We agree with that finding.

■ This court has the inherent power to impose a variety of sanctions in order to regulate our docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook*, 99

U.S. 607 (1878). We have imposed double costs and attorney's fees for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir.1980).

■ Accordingly, double costs and attorney's fees are hereby imposed against petitioner for the taking of a frivolous appeal. The matter is REMANDED to the United States Tax Court to make the appropriate determinations. The judgment of the tax court is AFFIRMED. The mandate shall issue forthwith.