791 F.2d 1431
 Alan Bruce VAN SICKLE, Plaintiff-Appellant,
v.
Judges William J. HOLLOWAY, James K. Logan, Stephanie K.
Seymour, Delmas Hill, Monroe G. McKay, James Barrett, Oliver
Seth, Jean Breitenstein, Robert McWilliams, William Doyle,
of the United States Court of Appeals, Tenth Circuit; Judge
Sherman G. Finesilver, Judge Richard P. Matsch, Judge John
Kane, Judge James Carrigan, Judge Zita Weinshienk, Judge
John Moore, Judge Alfred Arraj, Judge Hatfield Chilson, of
the United States District Court, Colorado; Judge
John-David Sullivan, Judge Louis Babcock, Judge Alan
Sternberg and Judge Dale Tursi, Defendants-Appellees.*
 No. 85-1612.
 United States Court of Appeals,
Tenth Circuit.
 May 28, 1986.
 
 Before GIBSON, Senior Circuit Judge, WRIGHT, Senior Circuit Judge, DEVITT, Senior District Judge.[1]
 GIBSON, Senior Circuit Judge.
 
 
 1
 This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit Rule 10(e). The case is therefore ordered submitted without oral argument.
 
 
 2
 Van Sickle filed this action pro se apparently based on 42 U.S.C. Secs. 1983 and 1985 against several state and federal judges, alleging that they violated and conspired to violate his civil rights. The district court dismissed the action pursuant to 28 U.S.C. Sec. 1915(d) as frivolous and malicious.[2] Van Sickle appealed pro se and submitted a brief, in which he sets forth several questions to be resolved on appeal, and a "Motion for an Order in the Nature of Mandamus," together with a supporting affidavit. For the reasons discussed below, we affirm the district court's decision.
 
 I. FACTS
 
 3
 The circumstances underlying this case date back to 1981 when Van Sickle commenced a pro se action in the Colorado state district court against his former employer and two former co-workers, alleging wrongful discharge and outrageous conduct. Defendant State Judge Sullivan granted the defendants' motion for summary judgment and dismissed the complaint. On appeal, the Colorado Court of Appeals (defendant Judges Babcock, Sternberg, and Tursi) affirmed, and the Colorado Supreme Court denied certiorari. Dissatisfied with the results in state court, Van Sickle filed an action pro se in federal district court seeking damages against the state trial judge and the three court of appeals judges, alleging that they had violated and conspired to violate his civil rights by failing to rule on his slander claim.[3] Specifically, Van Sickle alleged that the state court judges "acted in a complete absence of jurisdiction over the subject matter by stonewalling or intentionally ignoring the subject matter remaining in dispute under the cause of action in the nature of slander, and did so intentionally to deprive [him] of [his] civil rights." Chief District Judge Finesilver ruled that the defendants were judicially immune and dismissed the action with prejudice. In addition to filing a notice of appeal, Van Sickle also filed suit against Chief District Judge Finesilver in federal district court alleging that he failed to "hear and determine the real issues." District Judge Moore dismissed the action against the chief judge on the basis of judicial immunity, and Van Sickle appealed. The Tenth Circuit consolidated the appeals and affirmed the dismissals in both cases.
 
 
 4
 Van Sickle responded by commencing the case at bar. Van Sickle filed this action pro se in the federal district court against not only all the judges who have ruled against him, but also all the United States district judges for the District of Colorado as well as all the United States circuit judges for the Tenth Circuit Court of Appeals. The complaint alleges that the defendant "judges acted in complete absence of jurisdiction over the alleged subject matter when they blocked and struck a slanderous subject matter from the record before hearing and determining that matter to have been included in summary judgment." Van Sickle was allowed to proceed in forma pauperis, and because the defendants include all the federal district judges for the District of Colorado, the case was assigned to the Honorable Frank G. Theis, United States Senior District Judge for the District of Kansas. In a well-reasoned opinion, Judge Theis concluded that all the defendants were judicially immune from liability, and because Van Sickle could make no rational argument on the law or facts, dismissed the case as frivolous and malicious pursuant to 28 U.S.C. Sec. 1915(d). Van Sickle appealed, and filed a brief in which he merely sets forth several issues, and a "Motion for an Order in the Nature of Mandamus" in which he requests that this court compel the district court and/or the state court to "hear and determine the issue of slander."
 
 II. DISCUSSION
 A. Section 1915(d)
 
 5
 The district court may dismiss an action pursuant to 28 U.S.C. Sec. 1915(d) only if it is "frivolous or malicious." Under the liberal rules applicable to pro se complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of his claim. Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir.1981) (citing Bennett v. Passic, 545 F.2d 1260, 1261 (10th Cir.1976)), cert. denied, 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982); Henriksen v. Bentley, 644 F.2d 852, 854 (10th Cir.1981). We review the district court's decision to determine whether it has abused its discretion in dismissing the appellant's complaint. See Green v. Black, 755 F.2d 687, 688 (8th Cir.1985). After a close reading of the appellant's complaint, we are convinced that the district court did not abuse its discretion in dismissing this case as frivolous and malicious.
 
 B. The state defendants
 
 6
 Van Sickle's complaint alleges that several judges have violated and conspired to violate his constitutional rights by intentionally failing to rule on his slander claim. The district court, however, correctly ruled that these defendants are absolutely immune from liability in this case. The United States Supreme Court has recognized the defense of absolute immunity for "officials whose special functions or constitutional status requires complete protection from suit." Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). Judges are clearly among those officials who are entitled to such immunity. The purpose of the doctrine is to benefit the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." Butz v. Economou, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978) (citing Pierson, 386 U.S. at 554, 87 S.Ct. at 1218). Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. Further, it is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, that are brought pursuant to 42 U.S.C. Sec. 1983. Pierson, 386 U.S. at 554, 87 S.Ct. at 1218; Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978).
 
 
 7
 The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. See Stump, 435 U.S. at 356, 98 S.Ct. at 1104-05. Stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority. Id. at 356-57, 98 S.Ct. at 1104-05.
 
 
 8
 We cannot agree with Van Sickle that Judges Sullivan, Babcock, Sternberg, and Tursi acted in clear absence of jurisdiction. A judgment granting a motion for summary judgment and the affirmance of such judgment are judicial acts within the jurisdiction of the courts on which these judges sit. The judges' alleged failure to rule on Van Sickle's general allegations of slander can at best be characterized as erroneous, which will not subject them to civil liability. Even if the judges maliciously declined to rule on these allegations, they are still absolutely immune from liability. See Stump, 435 U.S. at 356, 98 S.Ct. at 1104-05. Indeed, Van Sickle's lawsuit is precisely the type of action that the Supreme Court in Pierson, supra, recognized as necessitating the doctrine of judicial immunity. Van Sickle, an unsuccessful and dissatisfied state-court litigant, has sought another forum, the federal court, harassing the state court judges with allegations of "malice and corruption." Consequently, the doctrine of judicial immunity precludes recovery by Van Sickle against these judges.
 
 C. The federal defendants
 
 9
 The doctrine of judicial immunity also precludes recovery from the federal judges in these circumstances. Whether the allegations with respect to these defendants are considered under a Bivens type of constitutional tort theory, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or the allegations of a conspiracy are considered a violation of 42 U.S.C. Sec. 1985, the federal judges in this case are absolutely immune from liability.[4] In Economou, 438 U.S. at 504, 98 S.Ct. at 2909, the Supreme Court stated that it is "untenable to draw a distinction for purposes of immunity law between suits brought against state officials under Sec. 1983 and suits brought directly under the Constitution against federal officials." Judges of courts of limited jurisdiction are immune from civil liability when they act within their jurisdiction. Randall v. Brigham, 74 U.S. (7 Wall.) 523, 535-36, 19 L.Ed. 285 (1869). See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). The courts upon which the federal defendants sit are courts of limited jurisdiction. The federal judges clearly acted within their jurisdiction in dismissing Van Sickle's lawsuits and affirming those dismissals on appeal. See Conrad v. Wangelin, 441 F.Supp. 345, 345-46 (E.D.Mo.1977) (dismissal of an action and the affirmance on appeal are considered judicial acts protected by judicial immunity), cert. denied, 439 U.S. 806, 99 S.Ct. 63, 58 L.Ed.2d 99 (1978). Consequently, the doctrine of judicial immunity precludes recovery by Van Sickle from these defendants. The other judges, who apparently were named as defendants only because of their positions on the federal district court or the federal court of appeals, are also protected by judicial immunity.
 
 
 10
 We conclude, therefore, that Van Sickle cannot make any rational argument on the law or facts in support of his claim. Consequently, we hold that the district court properly dismissed this case pursuant to 28 U.S.C. Sec. 1915(d). See Wiggins, 664 F.2d at 815.
 
 D. Jurisdiction
 
 11
 Although the district court did not address the issue, we believe a second reason for dismissal exists. A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court. 28 U.S.C. Sec. 1257 (1982). See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314-15, 75 L.Ed.2d 206 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486, 103 S.Ct. at 1317. The Supreme Court in Feldman held that although the district court had jurisdiction over general attacks on the constitutionality of state bar admission rules, it did not have jurisdiction over the plaintiff's arguably constitutional claims that the District of Columbia Court of Appeals erred in its application of the rules to the plaintiff. Id. at 486-87, 103 S.Ct. at 1317. The latter claims were said to have been "inextricably intertwined" with the state court decision. Id. To consider these claims, the district court would have been required "to review a final decision of the highest court of a jurisdiction in a particular case." Id. at 486, 103 S.Ct. at 1317. Because such review may be had only in the United States Supreme Court, the Court held that the district court did not have jurisdiction over those claims. Id. at 487, 103 S.Ct. at 1317.
 
 
 12
 Although Van Sickle arguably presented constitutional claims, those claims are obviously "inextricably intertwined" with the state court decisions in a judicial proceeding. Consequently, Van Sickle in essence has asked the federal district court to review a final decision of Colorado's highest court. Because the district court does not have authority to exercise such review, the complaint also should have been dismissed for lack of subject matter jurisdiction.[5] On this record, it appears to us that if dissatisfied with the Colorado Supreme Court decision, Van Sickle had as his only avenue of relief an application for certiorari to the United States Supreme Court. See 28 U.S.C. Sec. 1257(3).E. Sanctions
 
 
 13
 Except for our discussion on jurisdiction, we recognize that we have added little to the decisions rendered by the federal judges who have ruled before us on Van Sickle's claims. Indeed, those decisions clearly explain that the defendants have acted within their jurisdiction and therefore are absolutely immune from liability in this case. Van Sickle simply refuses to acknowledge that the defendants' conduct in allegedly refusing to rule on the slander claim, which at best can be characterized as erroneous, is protected by judicial immunity. Instead, Van Sickle merely commences a new lawsuit and adds as a defendant the latest judge or judges who have ruled against him. The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious.
 
 
 14
 This court has the power to impose sanctions such as costs, attorney fees, and double costs for the filing of frivolous appeals. See Fed.R.App.P. 38; Moulton v. Commissioner, 733 F.2d 734, 735 (10th Cir.), modified, 744 F.2d 1448, 1448-49 (10th Cir.1984) (court reduced the sanctions); Duhart v. Carlson, 469 F.2d 471, 478 (10th Cir.1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973). In this case, however, we do not believe that these sanctions alone are sufficient. The court of appeals also has the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and most importantly in this case, to deter frivolous filings. Moulton, 733 F.2d at 735; Morris v. Adams--Millis Corp., 758 F.2d 1352, 1357-58 n. 7 (10th Cir.1985). See generally Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67, 100 S.Ct. 2455, 2464-65, 65 L.Ed.2d 488 (1980); Fed.R.Civ.P. 11. We recognize that Van Sickle is appearing pro se, and we do not desire to unduly burden him with sanctions; however, we think that the following sanctions are appropriate: (1) double costs are imposed against Van Sickle; (2) Van Sickle is prohibited from filing any further complaints in the United States District Court for the District of Colorado that contain the same or similar allegations as those set forth in his complaint in the case at bar;[6] and (3) Van Sickle shall pay to the Clerk of the United States Court of Appeals for the Tenth Circuit one thousand five hundred dollars ($1,500) as a limited contribution to the United States for the cost and expenses of this action.[7]
 
 
 15
 The Clerk is hereby directed to issue an order requiring Van Sickle to show cause why the above sanctions should not be imposed. Van Sickle's response will be limited to five pages. If the response is not received by the Clerk within ten days from the filing of this opinion, the sanctions will be imposed.
 
 III. CONCLUSION
 
 16
 In conclusion, we affirm the district court's decision dismissing Van Sickle's complaint. We not only agree that the complaint is frivolous and malicious, but we also believe that the district court did not have subject matter jurisdiction. The Clerk shall issue the above-described order forthwith.
 
 
 
 *
 The Honorable Jean S. Breitenstein, United States Senior Circuit Judge for Tenth Circuit and the Honorable William E. Doyle, United States Senior Circuit Judge for the Tenth Circuit, defendants in this action, died while this matter was pending in the court of appeals. The proceedings shall continue without these defendants. See Fed.R.App.P. 43(a)
 
 
 [1]
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit Court of Appeals, the Honorable Eugene A. Wright, Senior Circuit Judge for the Ninth Circuit Court of Appeals, and the Honorable Edward J. Devitt, Senior District Judge for the District of Minnesota, sitting by designation
 
 
 [2]
 Section 1915(d) provides:
 The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
 
 
 [3]
 Although Van Sickle's petition in state court specifically sought relief for wrongful discharge and outrageous conduct, he claims that the complaint included general allegations that were in the "nature of slander."
 
 
 [4]
 42 U.S.C. Sec. 1983 applies to persons acting under color of state or territorial law; it does not, however, authorize redress against federal officials who act under federal law. Williams v. Rogers, 449 F.2d 513, 517 (8th Cir.1971), cert. denied, 405 U.S. 926, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972). See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 398 n. 1, 91 S.Ct. 1999, 2001 n. 1, 29 L.Ed.2d 619 (1971) (Harlan, J., concurring). Consequently, allegations against federal officials are considered under a Bivens theory. See Fullman v. Graddick, 739 F.2d 553, 560 (11th Cir.1984)
 Van Sickle also alleges that the state court judges conspired with the attorney who represented his former employer and co-workers. As we have stated, however, the state court judges are absolutely immune from liability in this case.
 
 
 [5]
 Likewise, the relief sought by Van Sickle in the nature of a writ of mandamus is also denied. We have no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir.1970). The writ is also inappropriate with respect to the federal district court. Judge Theis acted within his jurisdiction and certainly did not abuse his discretion. See In re Dalton, 733 F.2d 710, 716 (10th Cir.1984), cert. dismissed, --- U.S. ----, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985)
 
 
 [6]
 We realize that in Carter v. United States, 733 F.2d 735, 737 (10th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 915, 83 L.Ed.2d 928 (1985), the court cautioned against the use of restrictive conditions that totally preclude the exercise of a litigant's constitutional right of access to the courts. The restriction we impose here, however, only precludes Van Sickle from filing actions in which he seeks to relitigate the allegations set forth in his complaint in the case at bar. Consequently, his access is not "totally precluded" as that term was used in Carter
 
 
 [7]
 We considered assessing attorney fees against Van Sickle, but decided against that sanction at this juncture