875 F.2d 863
 Unpublished Disposition
NOTICE:Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert E. DOWNING, Plaintiff-Appellant,
v.
Michael A. RUMER, Judge Defendant-Appellee.
 No. 89-3113.
 United States Court of Appeals,Sixth Circuit.
 May 22, 1989.
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Herbert E. Downing moves for in forma pauperis status and appeals from the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. Downing claimed that a common pleas court judge abused his discretion when he arbitrarily and unreasonably jailed Downing for failing to comply with a court order. He also claimed that the judge conspired with his ex-wife to ruin his business and his health. The district court dismissed the case because the judge was absolutely immune from suit. Downing raises the same argument on appeal.
 
 
 4
 Downing's attempt to sue Judge Rumer for monetary damages for violating his civil rights under 42 U.S.C. Sec. 1983 must fail. Judges may not be sued for monetary damages for acts relating to their official duties. It is well established that judges are absolutely immune for actions taken within the socpe of their official duties and while they exercise discretionary functions. Westfall v. Erwin, 108 S.Ct. 580, 584 (1988); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); King v. Love, 766 F.2d 962, 966-67 (6th Cir.), cert. denied, 474 U.S. 971 (1985).
 
 
 5
 Although immunity is an affirmative defense, this suit was properly dismissed sua sponte. Contrast Dominque v. Telb, 831 F.2d 673 (6th Cir.1987) (sua sponte dismissal on basis of qualified immunity is improper). It is clear that Judge Rumer is being sued for acts committed while he served a discretionary, judicial function, i.e., imprisoning Downing for contempt of court. Under these circumstances, and unlike qualified immunity, the sua sponte dismissal of a suit is proper where it is obvious from the plaintiff's allegations that the defendant is absolutely immune from suit. See Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987); Van Sickle v. Holloway, 791 F.2d 1431 (10th Cir.1986).
 
 
 6
 Finally, Downing's conspiracy claim fails. Even in its most liberal construction, the complaint simply contains broad and conclusory language describing the property division in Downing's divorce, and is void of the factual allegations necessary to support a conspiracy theory. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 7
 Accordingly, the motion for in forma pauperis status is hereby denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan, sitting by designation