933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ademola Michael OGUNLEYE, Plaintiff-Appellant,
v.
The STATE OF OKLAHOMA, Tulsa Judicial District 2, Hon. J.D.
Dalton, Tulsa District Court Judge, Bob Dick, Police Chief,
B. Loud, Police Officer, H.L. Brauer, Police Officer, Tulsa
Police Department, David Moss, Tulsa District Attorney, and
Donna Priore, Assistant Tulsa District Attorney, Defendants-Appellees.
 No. 90-5250.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ademola Michael Ogunleye was arrested on June 1, 1986 and subsequently charged and convicted of a felony offense, larceny of merchandise from a retailer, in Tulsa County District Court before the Honorable Judge Jay Dalton. Plaintiff filed a claim under 42 U.S.C. Secs. 1983 and 1985(2) and (3), alleging the arresting police officers, the chief of police, the district attorney, plaintiff's trial counsel, and the trial judge conspired to obtain plaintiff's conviction. Plaintiff now appeals from the district court's dismissal of the State of Oklahoma, Tulsa Judicial District 2, Honorable J.D. Dalton, Tulsa District Court Judge, Bob Dick, Police Chief, the Tulsa Police Department, David Moss, District Attorney for the County of Tulsa, and Donna Priore, Assistant District Attorney for the County of Tulsa as defendants in this action. Plaintiff also appeals from the court's grant of summary judgment in favor of B. Loud, Police Officer, and H.L. Brauer, Police Officer. We affirm.
 
 
 3
 Plaintiff first contends the district court failed to give de novo consideration to his objections to the Magistrate's Report and Recommendation. The record, however, reveals the court did give proper consideration to plaintiff's objections. In an order dated May 6, 1988, the court stated:
 
 
 4
 Upon consideration of the arguments advanced by plaintiff and the legal authorities presented the Court declines to vacate its order affirming the Magistrate's Report and Recommendation. The Court has carefully considered plaintiff's objections even though late-coming and concludes that the Magistrate was correct in his recommendations.
 
 
 5
 The district court properly dismissed defendant Dick from this action. Plaintiff failed to make any allegations regarding Dick's personal involvement in this case. Dick therefore cannot be liable under section 1983 or 1985. See Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir.1988).
 
 
 6
 Defendant's constitutional rights were not violated by the search and impoundment of his automobile following his arrest. The affidavits presented to the court indicate plaintiff's vehicle was impounded and its contents inventoried in accordance with standard Tulsa Police Department practices. The Supreme Court has upheld the validity of routine inventory searches of automobiles lawfully impounded by the police. See South Dakota v. Opperman, 428 U.S. 364, 369-73 (1976). Plaintiff presented no evidence indicating this warrantless search and seizure was unreasonable and violated his fourth amendment rights. The record reveals the impoundment and search of plaintiff's automobile was conducted in a reasonable manner in an effort to safeguard plaintiff's property.
 
 
 7
 Plaintiff failed to present a claim under section 1983 for retaliation for his exercise of his fifth amendment rights. Plaintiff presented no evidence establishing a causal link between the actions of defendants Loud and Brauer and plaintiff's exercise of his constitutional rights. See Givhan v. Western Line Consol. School Dist., 439 U.S. 410, 416-17 (1979). Nor has plaintiff proven the officers were responsible for his being charged with knowing possession of a fictitious license or his bond being set at $20,000.
 
 
 8
 The district court properly dismissed defendant Dalton from this action. Judges have historically been afforded absolute immunity for acts committed within their judicial jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 359-64 (1985); Van Sickle v. Holloway, 791 F.2d 1431, 1435-36 (10th Cir.1986). The district court properly concluded Judge Dalton's acts about which plaintiff complains were entirely within the scope of his judicial office while conducting plaintiff's criminal trial.
 
 
 9
 Defendants Moss and Priore were also properly dismissed from this action. Plaintiff failed to make any allegations regarding Moss's personal involvement in this case. Moss therefore cannot be liable under section 1983 or 1985. See Meade v. Grubbs, 841 F.2d at 1527-28. Priore enjoys prosecutorial immunity from suit for actions within the scope of her prosecutorial duties, including those actions about which plaintiff complains. See Imbler v. Pachtman, 424 U.S. 409, 424-25 (1976).
 
 
 10
 Plaintiff's other arguments are also without merit. We AFFIRM for substantially the same reasons given by the district court. All pending motions are denied. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3