UNITED STATES COURT OF APPEALS
**Filed 9/24/96**
TENTH CIRCUIT

LONNIE B. DAVIS and STEPHEN D. HARRIS,

      Petitioners-Appellants,

v.

JOHN DOE, Special Agent in Charge, Supervisor of the Oklahoma City, Oklahoma Office of the Federal Bureau of Investigation,

      Respondent-Appellee.

No. 96-6060
(W. Dist. Of Oklahoma)
(D.C. No. CIV-95-1913-C)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Stephen D. Harris and Lonnie B. Davis, state prisoners proceeding *pro se* and *in forma pauperis*, appeal the dismissal of their Joint Application For Issuance of Writ of Mandamus. The district court dismissed the Joint Application under 28 U.S.C. § 1915(d), finding that it was legally frivolous. We **affirm**.

Petitioners brought their Joint Application under 28 U.S.C. § 1351, seeking a writ of mandamus directing the Special Agent in Charge of the Oklahoma office of the Federal Bureau of Investigation "to acknowledge receipt of their correspondence and inform them of [the FBI's] intentions regarding an investigation into the disappearance of their legal mail." The district court referred the Joint Application to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for initial proceedings. The magistrate judge recommended that Petitioners' Joint Application be dismissed as frivolous because the Petitioners could not show a clear entitlement to the relief that they seek or a nondiscretionary duty on the part of the Respondent Special Agent to act. *See Mallard v. United States District Court*, 490 U.S. 296, 309 (1989) (holding that petitioner for writ of mandamus must show by clear and indisputable evidence that writ should issue). After *de novo* review, the district court adopted the magistrate judge's Report and Recommendation. Petitioners appeal.

"Mindful that pro se actions are held to a less stringent standard of review and that sua sponte dismissals are generally disfavored by the courts, we nonetheless allow a complaint to be dismissed under § 1915(d) 'if the plaintiff cannot make a rational argument on the law and facts in support of his claim.'" *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987)(quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1986)). We review a district court's dismissal under section 1915(d) for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25,33 (1992).

Because Petitioners claims clearly have no basis in law, the district court did not abuse its discretion in dismissing their Joint Application under section 1915(d). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (holding that *in forma pauperis* complaint is frivolous if it embraces an "indisputably meritless legal theory"). Finding no abuse of discretion, the judgment of the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED** for substantially the reasons set out in the magistrate judge's Report and Recommendation, filed on December 21, 1995, and the district court's Order, filed January 31, 1996.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-