**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIRIAM ANNE BISSEN,

      Plaintiff - Appellant,

v.

JAVIER MAZZETTI, Academy
School District No. 20, President of
Board of Education; KEVIN C.
SMELKER, Supervisor of Finance;
RANDY K. HARPER, Chief,
Collection Branch, IRS; DAVID K.
EBERHARDT, Assistant
Superintendent; WALTER A.
HUTTON, JR., IRS District Director,
and Judge CHARLES E.
MATHESON,  Chief Bankruptcy
Judge,

      Defendants - Appellees.

No. 98-1005
(D.C. No. 97-Z-1372)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

---

   [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

   [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

Plaintiff-Appellant Miriam Bissen filed a pro se action against two IRS officials, a bankruptcy judge, and her employers in a Colorado school district for alleged constitutional violations arising out of a tax levy. She appeals the district court's dismissal of her claims for lack of subject-matter jurisdiction. Our review is de novo, see SK Finance SA v. La Plata County, 126 F.3d 1272, 1275 (10th Cir. 1997), and we affirm.

In October, 1996, the IRS sent a Notice of Levy to Ms. Bissen's employer, Academy School District No. 20, directing it to turn over a portion of Ms. Bissen's wages to the IRS until she paid off a federal tax delinquency. The school district complied. Ms. Bissen filed for bankruptcy in Colorado and the case was assigned to a bankruptcy judge. Ms. Bissen moved to voluntarily dismiss the bankruptcy case, and the bankruptcy judge granted her motion. She then filed a complaint entitled Tort Claim for Constitutional Rights Violations, which she later amended, asserting the defendants had taken her property without due process and otherwise violated her rights under the Fifth, Seventh, Ninth, and Tenth Amendments to the Constitution. She claimed a total of $13.5 million in damages from the defendants. In her pro se appeal, she argues the district court violated her Seventh Amendment right to jury trial by dismissing her case.

Bankruptcy judges are absolutely immune from civil liability for judicial actions within the scope of their jurisdiction. See Mireles v. Waco, 502 U.S. 9, 9-

- 2 -

10 (1991); Gregory v. United States, 942 F.2d 1498, 1499–1500 (10th Cir. 1991); Van Sickle v. Holloway, 791 F.2d 1431, 1435-36 (10th Cir. 1986). The bankruptcy judge thus cannot be sued for his dismissal of a bankruptcy case. See Mireles, 502 U.S. at 11.

Ms. Bissen's suit against the individual IRS officers complains only of actions taken in their official capacity, and is thus properly considered a suit against the United States. See Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989). The United States cannot be sued without its consent, and the terms of that consent define a court's subject-matter jurisdiction. See United States v. Dalm, 494 U.S. 596, 608 (1990); Atkinson, 867 F.2d at 590. Actions under 26 U.S.C. §§ 7432 and 7433 are "the exclusive remedy for recovering damages resulting from [tax collection] actions." 26 U.S.C. § 7433(a).[1] Ms. Bissen has not alleged facts to support a claim under either section, and we have no subject-matter jurisdiction to consider her extra-statutory complaints. To the extent her complaint can be construed as a Bivens claim against the officers in their individual capacity, it will not lie because Congress has already established a scheme of safeguards and remedies for individuals harmed by unlawful tax

---

[1]     Title 26 U.S.C. § 7433 was amended on July 22, 1998, but the amendment is not retroactive and does not affect this case. See Internal Revenue Service Restructuring and Return Act of 1998, Pub. L. No. 105-206, § 3102, 112 Stat. 685, 730-31 (1998).

collection.  See Schweiker v. Chilicky, 487 U.S. 412, 422-23 (1988); Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990); National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1248 (10th Cir. 1989).

Ms. Bissen's claim against the officers of the school district is covered by the Colorado Governmental Immunity Act, Colo. Rev. Stat. §§ 24-10-101 to 10-120 (1997), which bars a plaintiff from filing suit unless she has filed a notice with each defendant or his attorney within 180 days of her injuries.  See Colo. Rev. Stat. § 24-10-109 (1997).  Ms. Bissen's failure to do so deprives the court of subject-matter jurisdiction.  See id.; Trinity Broadcasting of Denver, Inc. v. City of Westminster, 848 P.2d 916, 923 (Colo. 1993).  We further note that 26 U.S.C. § 6332(e) discharges from liability any person complying with a levy.

As for Ms. Bissen's claim that the district court violated her Seventh Amendment rights, the court may not hold a jury trial on a suit over which it has no jurisdiction.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge