**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES EARNEST LANE,

    Plaintiff-Appellant,

v.

OKLAHOMA SUPREME COURT,
State of Oklahoma; and OKLAHOMA
COUNTY DISTRICT COURT, State
of Oklahoma,

    Defendants-Appellees.

No. 00-6116
D.C. No. 00-CV-80-C
(W.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges.

    James Lane, a prisoner in the custody of the State of Oklahoma proceeding

pro se, seeks to appeal the district court's order dismissing his complaint

pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1915A. [1] In his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R.

complaint, Mr. Lane alleged under 42 U.S.C. § 1983 that the Oklahoma Supreme Court and the Oklahoma County District Court violated his Eighth and Fourteenth Amendment rights in the course of adjudicating an action that he initially filed in the Oklahoma County court. In particular, Mr. Lane maintained, the Oklahoma County court failed to issue a default judgment to which he was entitled and the Oklahoma Supreme Court failed to issue a writ of mandamus directing the Oklahoma County court to enter the judgment. Mr. Lane sought "[p]reliminary and permanent injunctions enjoining and restraining defendants from further interference and or delaying [his] exercise of his [constitutional rights]" and a declaratory judgment that the Oklahoma Supreme Court's ruling is "null and void." Rec. doc. 2 at 8-9 (Plaintiff's Complaint for Injunctive and Declaratory Relief, filed Jan. 12, 2000).

In recommending dismissal pursuant to 28 U.S.C. § 1915A, the magistrate judge reasoned that the federal courts lacked the authority to grant Mr. Lane the requested relief. He noted that "'federal courts hold no supervisory power over state judicial proceedings'" and are, therefore, without authority to direct state courts in the performance of their duties. Rec. doc. 7 at 2-3 (Report and Recommendation, filed Feb. 17, 2000) (quoting Fero v. Kerby, 39 F.3d 1462,

34.1(G). The case is, therefore, ordered submitted without oral argument.

2

1480 (10th Cir. 1994)).  Additionally, the magistrate noted, the federal district court lacked authority "to review final judgments of a state court in judicial proceedings."  Id. at 3 (quoting  Van Sickle v. Holloway  , 791 F.2d 1431, 1436 n.5 (10th Cir. 1986).  The district court adopted the magistrate's report and recommendation and dismissed Mr. Lane's complaint.        See Rec. doc. 10 at 1 (Order, filed Mar. 3, 2000) (stating that Mr. Lane's complaint "ask[ed] this Court to sit in review of the District and Supreme Courts of the State of Oklahoma" and that such review "is not within the power or jurisdiction of this Court, . . . no matter how many citations to the United States Constitution or laws plaintiff argues").

Under 28 U.S.C. § 1915A, the district court must dismiss a prisoner's complaint against a governmental entity or officer if the complaint "seeks monetary relief from a defendant who is immune from such relief" or "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Upon review of Mr. Lane's complaint, we conclude that it fails to state a claim upon which relief may be granted.

As the magistrate judge observed, federal district courts lack authority to review final judgments of state courts in judicial proceedings.        Van Sickle , 791 F.2d at 1436 (citing   District of Columbia Court of Appeals v. Feldman    , 460 U.S. 462, 482 (1983)).  To be sure, as Mr. Lane notes, there are limited instances in

3

which a federal district court may intervene in a state court proceeding. On some occasions, when the state proceeding violates a party's constitutional rights and when the party's federal court constitutional challenge is not inextricably intertwined with the state court decision, such federal court intervention is allowed. See Van Sickle, 791 F.2d at 1436 (quoting Feldman, 460 U.S. at 486-87)); see also Smith v. Phillips, 455 U.S. 209, 220 (1982) (stating, "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension"); Harris v. Champion, 15 F.3d 1538, 1557 (10th Cir. 1994) (holding that an inordinate delay in a state court's adjudication of a defendant's direct criminal appeal may give rise to a due process violation). See generally Russillo v. Scarborough, 935 F.2d 1167, 1172 n.4 (10th Cir. 1991) (noting that "the question of federal courts' authority to command the actions of state courts is a sensitive one" and citing contrasting decisions).

Here, although Mr Lane has alleged that the state court proceedings violated his constitutional rights, his constitutional challenge is inextricably intertwined with the state court decisions. Accordingly, the federal district court properly concluded that it lacked authority to grant Mr. Lane the relief he

requested. [2] We, therefore, conclude that Mr. Lane's complaint fails to state a claim upon which relief can be granted, and we DISMISS Mr. Lane's appeal. See 28 U.S.C. § 1915(e)(2)(B)(ii). Our dismissal and the district court's dismissal each count as "prior occasions" (or "strikes") under 28 U.S.C. § 1915(g).

Entered for the Court,


Robert H. Henry
United States Circuit Judge

---

[2] We note in passing that, although Mr. Lane maintains that the Oklahoma Supreme Court improperly denied his mandamus petition, mandamus is an extraordinary remedy that may only be granted if there is no other adequate remedy. See State ex rel. Macy v. Freeman, 814 P.2d 147, 153 (Okla. 1991). Here, there is no indication that a direct appeal following a final judgment in the Oklahoma County District Court case would constitute an inadequate remedy for the alleged errors.