2002 OK CIV APP 35

**Curtis Brian GREGORY, Plaintiff/Appellant,**

v.

**Doris L. FRANSEIN, Defendant/Appellee.**

**No. 96,214.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided Dec. 21, 2001.

---

Curtis Brian Gregory, Lexington, OK, Pro Se.

Barbara C. Stoner, Assistant Attorney General, Oklahoma City, OK, For Appellee.

Opinion by LARRY JOPLIN, Judge:

¶ 1 Curtis Brian Gregory (Appellant) seeks review of the trial court's order granting the motion to dismiss of Doris L. Fransein (Appellee) on Appellant's claims for alleged violation of his civil rights during the course of a divorce action over which Appellee presided as the trial judge. In accelerated review proceeding,[1] Appellant complains Appellee

enjoys no immunity from individual liability for the violation of his constitutional rights, and consequent error of the trial court in dismissing his claims. Having reviewed the record, however, we find no error by the trial court, and hold the order of the trial court should be affirmed.

¶ 2 From the abbreviated record before us, it appears Appellant's then-wife commenced an action for divorce after his incarceration by the Oklahoma Department of Corrections. During the divorce proceedings before Appellee as trial judge, Appellant—appearing pro se—complained of lack of discovery, failure of Appellee to appoint "free" counsel to represent him, and refusal to arrange his appearance at hearing. A decree of divorce was eventually entered and became final upon Appellant's failure to appeal.

¶ 3 Appellant subsequently commenced the present action against Appellee individually for the alleged violation of his constitutional right to counsel, appearance, and discovery pursuant to 42 U.S.C. § 1983. Appellee filed a motion to dismiss, asserting she enjoyed absolute immunity for acts performed in her judicial capacity during the divorce proceedings. The trial court granted the motion, dismissed the action, and Appellant appeals.

¶ 4 " '[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.' " *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). (Citations omitted.) This is so because it is not uncommon for a losing litigant in one forum to file a complaint in another forum "charging the participants in the first with unconstitutional animus," causing judges to fear "hounding" in court by unsuccessful and dissatisfied litigants, and impeding the neutral, orderly administration of the courts' business. *Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978)[2]; *Pierson v. Ray,* 386

---

1. This appeal stands submitted for accelerated appellate review on the trial court record under Rule 4(m), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

2. "The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.... Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their re-

U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).[3] Thus, judges enjoy immunity, because even if their actions were in error, the litigant is accorded the right to appellate review for correction of any such errors. *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1218. A judge is subject to liability only if he or she acted "in the clear absence of jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)[4]; *Van Sickle v. Holloway*, 1986 10CIR 123, ¶ ——, 791 F.2d 1431, 1435.[5]

¶ 5 In the present case, the record clearly indicates—and Appellant does not dispute—that Appellee was a Special Court Judge assigned to the Domestic Relations Division of the Tulsa County District Court and, as such, possessed jurisdictional authority to decide all matters in Appellant's divorce case. Accordingly, any decisions regarding discovery disputes, Appellant's presence at hearings, or appointment of counsel were made in Appellee's judicial capacity, were appealable by right, and for which Appellee is accorded absolute immunity.

¶ 6 Under 12 O.S. § 2012 (B)(6), "[a] petition can generally be dismissed only for lack of any cognizable legal theory or for insufficient facts under a cognizable legal theory." *Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. In the present case, the allegations of Appellant's petition, even construed most favorably to him, fail as a matter of law to state a claim upon which relief could be granted because Appellee enjoys absolute judicial immunity for her actions.

¶ 7 The order of the trial court granting Appellee's motion to dismiss is AFFIRMED.

ADAMS, P.J., and JONES, J., concur.

---

3. "It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation."

4. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authori-

spective functions without harassment or intimidation."

ty; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"

5. "The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was 'judicial,' and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. (Citation omitted.) Stated differently, judges are liable only when they act in 'clear absence of all jurisdiction'; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority."