**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES J. SAIN,

        Plaintiff–Appellant,

v.

CAROLYN M. SNYDER; MARY E.
CHAPPELLE; L. HELEN BENNETT;
RICHARD STOOPS; PATRICIA
MADRID; GARY KING; BETSY
SALCEDO; STANLEY WHITAKER;
DEBORAH DAVIS WALKER;
WILLIAM F. LANG; JUANITA
DURAN; LYNN PICKARD; JAMES
J. WECHSLER; MICHAEL VIGIL;
MICHAEL D. BUSTAMANTE; A.
JOSEPH ALARID; EDWARD L.
CHAVEZ; PETRA JIMENEZ MAEZ;
RICHARD C. BOSSON; BILL
RICHARDSON; BERNALILLO
COUNTY SHERIFF'S
DEPARTMENT; ERNESTO J.
ROMERO; RODERICK KENNEDY;
CHARLES W. DANIELS; PATRICIO
M. SERNA; ELIZABETH E.
WHITEFIELD; VICKI AIKENHEAD
RUIZ; JO ANNE DE HERRERA,

        Defendants–Appellees.

Nos. 09-2153 & 09-2175
(D.C. No. 1:08-CV-01019-RB-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

(continued...)

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff-appellant Charles J. Sain filed this federal civil rights action claiming that his constitutional rights were violated during the course of his state-court divorce and child-custody proceedings. Exercising jurisdiction under 28 U.S.C. § 1291, we summarily **AFFIRM** the district court's dismissal of this action.

Specifically, in appeal No. 09-2153, we **AFFIRM** the dismissal of Mr. Sain's claims for substantially the same reasons set forth in the Memorandum Opinions and Orders entered by the district court on April 2 and May 13, 2009. *See* R., Docs. 176, 212. In appeal No. 09-2175, we **AFFIRM** the denial of Mr. Sain's motion for relief from judgment for substantially the same reasons set forth in the Orders entered by the district court in July 2009. *Id.*, Docs. 225, 230, 233.

We also **DENY**: (1) Mr. Sain's motion for sanctions, filed in this court on November 18, 2009; (2) Mr. Sain's consolidated response to motions for

*(...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

extension of time and request for affirmative relief, filed in this court on November 18, 2009; (3) Mr. Sain's motion for teleconference, filed in this court on December 1, 2009; (4) Mr. Sain's supplemental motion for sanctions, filed in this court on December 1, 2009; (5) Mr. Sain's emergency motion for order of contempt and for further affirmative relief, filed in this court on December 11, 2009; (6) Mr. Sain's motion for refund of filing fee and for other relief, filed in this court on January 8, 2010; and (7) the request in Mr. Sain's opening brief for en banc adjudication and an award of fees and costs.

Finally, "[t]his court has the . . . inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and most importantly in this case, to deter frivolous filings." *Christensen v. Ward*, 916 F.2d 1462, 1469 (10th Cir. 1990) (citing *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986)). Further, we have recognized that it is permissible to sanction a pro se appellant by directing him or her to make a monetary payment directly to this court. *See Christensen*, 916 F.2d at 1469 (ordering pro se appellant to show cause why sanction of $500 payment should not be imposed); *Van Sickle*, 791 F.2d at 1437 (ordering pro se appellant to show cause why sanction of $1,500 payment should not be imposed). Accordingly, because we have determined that these appeals are frivolous, and because Mr. Sain has burdened this court with numerous motions and other filings that are likewise without any merit, we order Mr. Sain to show cause within ten days of the entry

-3-

of this order and judgment why he should not be ordered to pay $3,000 to the

Clerk of the United States Court of Appeals for the Tenth Circuit as a limited

contribution to the United States for the cost and expenses of this action.

Mr. Sain's response shall not exceed five pages. If the response is not received

by the Clerk within the specified ten days, the sanction will be imposed.

The judgment entered by the district court on May 13, 2009, is

**AFFIRMED**. Mr. Sain is **ORDERED** to **SHOW CAUSE** why he should not be

sanctioned as set forth herein.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge