FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

December 12, 2024

Christopher M. Wolpert
Clerk of Court

_____

KENNETH RICHARD KLOCK,

      Plaintiff - Appellant,

v.

STATE OF UTAH; SPENCER D.
WALSH; FIRST DISTRICT
COURT; BRANDON MAYNARD,

      Defendants - Appellees.

No. 24-4084
(D.C. No. 1:24-CV-00031-DAO)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

    The plaintiff, Mr. Kenneth Klock, has sued for violations of his

constitutional rights. The alleged violations took place in state court,

---

[*]    Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the parties' briefs. *See* Fed. R.
App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

where Mr. Klock litigated divorce and eviction proceedings.[1] With these allegations of constitutional violations, Mr. Klock sued two state-court judges, a state court, and the state of Utah. The district court dismissed the action without prejudice based on a lack of subject-matter jurisdiction and failure to state a valid claim.

For all of the dismissals, we conduct de novo review. *Kane Cnty. Utah v. Salazar*, 562 F.3d 1077, 1085 (10th Cir. 2009). In conducting de novo review, we assume the truth of Mr. Klock's factual allegations. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

To review the dismissals, we consider the district court's rationales. The district court stated that it couldn't tell from the complaint whether the divorce and eviction proceedings were ongoing. Either way, the court reasoned, jurisdiction would be lacking because

- abstention under *Younger v. Harris*[2] would be required if the actions remained pending and

- the Rooker-Feldman[3] doctrine would prevent federal jurisdiction if the state-court actions had ended.

In addition, the court reasoned that

---

[1] Mr. Klock says that he had four state-court proceedings, but identifies only an action for divorce and eviction. He says nothing about the other two proceedings.

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

[3] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

2

- the judges enjoyed immunity in their personal capacities and

- the other claims failed because the state, state court, and judges (in their official capacities) weren't considered *persons*.

Mr. Klock questions the court's reliance on abstention, stating that "[f]ederal courts are not required to defer under *Younger* when state proceedings are conducted in bad faith or involve harassment or other 'extraordinary circumstances.'" Appellant's Opening Br. at 8 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). We agree that abstention is not required when a state court proceeding was brought in bad faith or with an intent to harass. *See Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995). But overcoming the bar of *Younger* abstention is a "heavy burden," requiring more than just allegations. *Id.* at 1063–64, 1066. Mr. Klock has failed to satisfy that burden because he relied solely on bare allegations of bad faith and harassment.

Mr. Klock also denies the applicability of the Rooker-Feldman doctrine when a judge has violated the constitution. We disagree. The Rooker-Feldman doctrine may apply irrespective of an underlying constitutional violation. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (concluding that district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action

3

was unconstitutional"); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) ("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings[,] even if a party 'allege[s] that the state court's action was unconstitutional.'" (quoting *Feldman*, 460 U.S. at 486)).

Irrespective of these rationales, the district court also reasoned that

- the judges enjoyed immunity in their personal capacities and

- the remaining defendants weren't considered *persons* under 42 U.S.C. § 1983.

Mr. Klock doesn't address these rationales, so we would need to affirm irrespective of *Younger* abstention or the Rooker-Feldman doctrine. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) ("When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds.").

We therefore affirm the dismissal.

Entered for the Court

Robert E. Bacharach
Circuit Judge