43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry W. SCOTT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5083.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Henry W. Scott appeals the district court's order affirming the Secretary's denial of Social Security disability benefits and supplemental security income benefits. Mr. Scott claims disability since September 15, 1988, due to heart problems, breathing problems, work-related stress, depression, and side effects of medication. The administrative law judge (ALJ) denied benefits at step five, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988)(discussing five steps), concluding that although claimant was unable to return to his previous work as a grinder and welder, he was able to perform other substantial gainful work existing in Oklahoma, his state of residence.
 
 
 4
 Our jurisdiction arises under 42 U.S.C. 405(g) and 28 U.S.C. 1291. We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). We affirm.
 
 
 5
 On appeal, claimant maintains that the ALJ improperly disregarded the opinion of his treating physician, Robert C. Harris, M.D., that claimant is disabled. Although the Secretary must give substantial weight to the treating physician's opinion, Sorenson v. Bowen, 888 F.2d 706, 711 (10th Cir.1989), the physician's conclusions may be rejected if they are not supported by specific medical findings, Castellano, 26 F.3d at 1029. Here, Dr. Harris' conclusion that claimant is disabled is not supported by specific findings. Moreover, his opinion was based, in part, on tentative diagnoses that had not been medically evaluated. See appellant's app. at 330 (Dr. Harris' October 18, 1990 letter: "problems which have been diagnosed and those which are undergoing evaluation"); id. at 7 (Dr. Harris' April 10, 1991 letter: sarcoid is suspected, but has not been medically proven). Therefore, the ALJ properly rejected Dr. Harris' ultimate conclusion of disability. See Castellano, 26 F.3d at 1029 (treating physician's opinion not dispositive "because final responsibility for determining the ultimate issue of disability is reserved to the Secretary").
 
 
 6
 Claimant also contends the ALJ did not consider the combined effects of his impairments, and he improperly relied on treadmill tests. Because the ALJ properly considered the treadmill test results, as well as all other medical evidence, we perceive no error. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1500 (10th Cir.1992)(ALJ's statement that decision was based on all evidence directed conclusion that ALJ had considered combination of impairments).
 
 
 7
 Claimant next asserts that substantial evidence does not support the ALJ's conclusion that claimant can perform the work identified by the vocational expert (VE). He also argues that the number of those jobs available in Oklahoma is not "significant" as required by 20 C.F.R. 404.1560, 404.1561, 404.1566. We dispose of the first argument by pointing out that the job identified by the VE was lens cutter, not precision lens grinder or precision lens grinder apprentice, as claimant argues on appeal. We conclude that the record, and the Dictionary of Occupational Titles, 716.682-010 (4th ed.1991), provide substantial evidence that claimant is able to perform the job of lens cutter.
 
 
 8
 We also reject claimant's argument that 195 jobs in Oklahoma does not qualify as "work which exists in significant numbers either in the region where [claimant] lives or in several regions of the country." 42 U.S.C. 423(d)(2)(A). The determination that work exists in significant numbers in the national or local economy does not depend on whether the work exists in the area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired for a job if he applied. Id. "This Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number.'... The decision should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir.1992)(quotation omitted).
 
 
 9
 In this case, the ALJ considered the guidelines suggested in Trimiar, 966 F.2d at 1330-32 (level of claimant's disability including combination of impairments, reliability of VE's opinion, what jobs claimant could perform, travel necessary for claimant to get to work, isolated nature of jobs, and skills and training necessary for claimant to perform the work). The ALJ posed a hypothetical question to the VE incorporating claimant's limitations. The VE then identified the lens cutter job as one claimant could perform with little or no training. The ALJ also elicited testimony from claimant that he could tolerate car travel for short distances. The VE testified that sixty-five of the lens cutter jobs are located in Tulsa where claimant resides.
 
 
 10
 The ALJ considered the appropriate factors. Consequently, we will not disturb the ALJ's conclusion that work exists in significant numbers, based on 195 lens cutter jobs in Oklahoma, including sixty-five in Tulsa. S ee id. at 1331 n. 15 (jobs identified for claimant were very small percentage of total jobs available in Oklahoma).
 
 
 11
 Finally, claimant alleges the ALJ's decision is not based on substantial evidence. We have carefully reviewed the record, and we have considered claimant's arguments in light of the record. We conclude that substantial evidence supports the Secretary's decision that claimant is not disabled within the meaning of the Social Security Act.
 
 
 12
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470