**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD D. ROTHER,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
Social Security Administration,

       Defendant-Appellee.

No. 96-6370
(D.C. No. 95-CV-1519)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.**

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*    Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Plaintiff Ronald D. Rother appeals from an order of the district court affirming the Secretary's[1] determination that he is not entitled to disability benefits. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (citations and quotation omitted).

Mr. Rother claims disability due to knee and back pain. The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Rother is not disabled because he can perform sedentary work.

On appeal Mr. Rother argues that the ALJ failed to properly evaluate his pain, other limitations, and the fact that his condition is expected to deteriorate. He also asserts that the ALJ should have relied only on medical evidence for the prior twelve months in making his decision. Finally, Mr. Rother contends the

---

[1] Although Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

ALJ's determination that he can work was erroneous because the vocational expert identified only one job with 573 positions in Oklahoma, an insignificant number.

The ALJ is required to develop a complete medical record by obtaining medical evidence for at least the twelve months prior to the date the claimant files an application for benefits. See 20 C.F.R. § 404.1512(d). The ALJ is not obligated to give greater weight to the medical evidence from that twelve-month period, nor is he required to give greater weight to the medical evidence for the twelve months prior to the time he enters his decision. The ALJ here properly considered all of the relevant medical evidence. Further, Mr. Rother does not identify any relevant medical evidence not presented to the ALJ.

The medical evidence shows that Mr. Rother injured his knee at work in 1989. He had two surgeries on the knee. Mr. Rother testified that his pain has continued since the surgeries. He usually uses a cane and takes Tylenol to relieve the pain. No medical evidence identifies the exact source of Mr. Rother's knee pain, although he appears to have arthritis or avascular necrosis in the knee and may need a total knee replacement in the future.

Mr. Rother also complains of back pain. However, the general consensus is that his back pain is caused by his abnormal gait resulting from his knee pain. See App. Vol. II at 47 (claimant's testimony); 89 (residual functional capacity

evaluation); 123 (record of state telephone contact); 142 (Dr. Black's notes); 159 (Dr. Jones' notes); 168 (Dr. Fleming's notes); 366 (Dr. Patterson's report). The ALJ considered Mr. Rother's pain. He determined that Mr. Rother's credibility as to the disabling nature of his pain was reduced due to the functional overlay and conflicting findings upon medical examination as noted by several physicians.

The issue of whether Mr. Rother's condition has deteriorated since he filed his application is immaterial to the determination of whether he is currently disabled. Disability must be decided on the basis of whether the claimant is currently disabled and whether that disability is expected to continue for a twelve month period. See 20 C.F.R. § 404.1505(a).

If Mr. Rother's condition deteriorates to the point that he is disabled, he may file a new application seeking benefits from the date of disability forward. Cf. Godsey v. Bowen, 832 F.2d 443, 445 (7th Cir. 1987); see also Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 712 (6th Cir. 1988) (if a claimant's condition has seriously deteriorated, the appropriate remedy is to "initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment"). However, the ALJ may not award benefits based on a possibility that a claimant's condition may deteriorate to the point of disability in the future.

Mr. Rother argues that the ALJ erroneously determined that he could perform a significant number of jobs existing in the national economy. A determination of nondisability is appropriate where work, which a claimant can perform considering his physical and mental abilities and vocational qualifications, exists in significant numbers in the national or local economy. See 20 C.F.R. § 404.1566(b).

The vocational expert stated that Mr. Rother could perform only one job, that of a clerk using a headset which would permit him to sit and stand at will. The expert stated that 573 such jobs exist in Oklahoma. The determination that work exists in significant numbers in the national or local economy does not depend on whether the work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired for the job if he applied. See id. § 404.1566(a). Further, "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' . . . [because] each case should be evaluated on its individual merits." Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992).

Mr. Rother does not contest the ALJ's reasoning in reaching his determination that 573 jobs is a significant number, only that the number itself cannot be considered to be a significant number. The existence of only 573 jobs in the local economy does not warrant an automatic determination that a

significant number of jobs do not exist.  See <u>Jenkins v. Bowen</u>, 861 F.2d 1083, 1087 (8th Cir. 1988)(500 jobs in the region are a significant number); <u>Allen v. Bowen</u>, 816 F.2d 600, 602 (11th Cir. 1987) (174 jobs in the area are a significant number); <u>see also</u> <u>Scott v. Shalala</u>, 43 F.3d 1483, 1994 WL 708217, at **2 (10th Cir. Dec. 21, 1994) (195 jobs in Oklahoma qualifies as a significant number). Mr. Rother does not contest that the ALJ's hypothetical question to the vocational expert incorporated Mr. Rother's limitations.  We will not disturb the ALJ's conclusion that Mr. Rother can perform work which exists in significant numbers in the local economy.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge