**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY L. BENNETT,

    Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,   *

    Defendant-Appellee.

No. 98-5048
(D.C. No. 96-C-1063-M)
(N.D. Okla.)

**ORDER AND JUDGMENT** **

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\**     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1 (G). The case is therefore ordered submitted without oral argument.

## I.

Plaintiff filed applications for disability insurance benefits and supplemental security income on June 13, 1994. Plaintiff contended that he had been disabled since April 10, 1993, as a result of back injuries he sustained in an automobile accident that day. After an administrative hearing in June 1995, the administrative law judge (ALJ) found that plaintiff was not disabled and, therefore, denied his request for benefits. The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work, which precluded plaintiff from performing his past relevant work. Based on testimony from a vocational expert (VE), however, the ALJ further concluded that plaintiff could perform a significant number of other jobs that exist in the national economy. When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. Plaintiff now appeals the district court's affirmance of that final agency decision.

We review the Commissioner's decision to determine whether the correct legal standards were applied and whether the findings are supported by substantial evidence in the record viewed as a whole. <u>See</u> <u>Castellano v. Secretary of Health & Human Servs.</u>, 26 F.3d 1027, 1028 (10th Cir. 1994). "If supported by

substantial evidence, the [Commissioner's] findings are conclusive and must be affirmed." Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993). "In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). The scope of our review, moreover, is "limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996).

The record shows that plaintiff received neck and back injuries in an auto accident in April 1993. Plaintiff was taken to the hospital emergency room where he was x-rayed and given pain medication and muscle relaxers. Plaintiff was discharged later that day with instructions not to return to work for two days. Over the course of the next eight or nine months, plaintiff sought treatment from several doctors, including two orthopedic surgeons and an orthopedist. Plaintiff also received chiropractic treatment and physical therapy, including a full rehabilitation exercise program. In addition, plaintiff underwent numerous diagnostic tests, including an MRI, a lumbar myelogram, a lumbar discogram, and a CT scan. Plaintiff's neck problems resolved fairly quickly, but he continued to complain of problems with his lower back.

Nonetheless, two of plaintiff's treating physicians–an orthopedic surgeon and an orthopedist–released him to work with no restrictions. The latest of these occurred in December 1993. At that time, Dr. Hawkins, who had been treating plaintiff for the past four months, concluded that plaintiff had reached maximum medical improvement and that no further treatment was either "indicated or necessary in [his] opinion." Appellant's App., Vol. II at 287-88. Although plaintiff continued to complain of discomfort in his back, sometimes radiating into his legs, Dr. Hawkins could find no "significant abnormality" to explain the degree of pain plaintiff experienced. Id. at 287. He discussed the results of all the diagnostic tests, the latest being a discogram and CT scan from November 1993, and concluded that the mild degenerative changes revealed by those tests "would not be expected to produce any significant symptoms." Id. The record does not reflect that plaintiff received further treatment for his back after Dr. Hawkins released him from his care on December 16, 1993.

Five days later, however, plaintiff was evaluated by Dr. Martin, a family practitioner, at his attorney's behest. Based on a single examination of plaintiff and a review of the diagnostic testing, Dr. Martin concluded that plaintiff had not reached maximum medical benefit and that he was, in fact, temporarily totally disabled and would remain so for an indefinite period. In his decision, the ALJ

rejected Dr. Martin's opinion because it was not supported by the other evidence of record. Plaintiff does not take issue with this determination on appeal.

In July 1994, plaintiff was examined by Dr. Jennings, an osteopath, at the request of the Commissioner. Dr. Jennings found that plaintiff could stand erect and could perform normal heel-and toe-walking without pain. Dr. Jennings noted that plaintiff was currently using a cane for balance, but he later explained that plaintiff did not actually need to use a cane to walk; it simply made him feel safer. Dr. Jennings found that plaintiff had a decreased range of motion in his spine and some pain on percussion, but found a full range of motion in plaintiff's lower extremities and no signs of sensory loss or weakness. Dr. Jennings thought plaintiff might have a discogenic disorder in his lumbar spine, and he suggested a neurological exam to rule out that possibility. Dr. Jennings did not note any functional limitations arising from plaintiff's impairment.

After the ALJ issued his decision denying benefits, Dr. Jennings reevaluated plaintiff on September 7, 1995. Dr. Jennings wrote two letters based on this examination, which plaintiff submitted to the Appeals Council. In them, Dr. Jennings noted that plaintiff entered his office walking in a flexed position with a cane and that plaintiff complained of severe pain in his back that radiated into his legs. Dr. Jennings did not set forth any of his findings on examination. He did, however, express the opinion that plaintiff had discogenic disease of the

lumbar spine, and he recommended a neurological evaluation. Dr. Jennings also stated that plaintiff was temporarily totally disabled. The Appeals Council considered this new evidence, but concluded that it did not provide a basis for changing the decision of the ALJ. Plaintiff does not dispute this conclusion on appeal.

II.

Plaintiff raises two main issues on appeal. First, he contends that the ALJ failed to properly evaluate his pain and other subjective complaints. More particularly, plaintiff argues that some of the reasons the ALJ advanced for discounting his subjective complaints were not supported by substantial evidence and that the ALJ ignored other evidence that corroborated plaintiff's allegations. Plaintiff characterizes the reasons given by the ALJ for discounting his subjective allegations as follows:

> (1) lack of objective medical findings which established a severe, pain producing condition, (2) lack of functional restrictions by any physician [t]hat would preclude light work activity, (3) lack of symptoms suggesting severe pain, such as sleep disturbance, appetite disturbance, muscle weakness, and muscle atrophy, and (4) failure to take prescribed medication he could not afford.

Appellant's Br. at 19-20.

Plaintiff contends that the first reason advanced by the ALJ is contradicted by the evidence of record, which shows plaintiff had several conditions capable of

producing pain. Plaintiff's argument, however, mischaracterizes the ALJ's actual decision. The ALJ did not suggest that plaintiff's condition was not capable of producing any pain. Rather, the ALJ stated that "the objective medical findings fail to establish a severe, *disabling* pain-producing condition." Appellant's App., Vol. II at 22 (emphasis added). *This* statement is supported by the record.

Plaintiff also takes issue with the second reason advanced by the ALJ. He argues that "the ALJ was not correct in finding that no physician had found Mr. Bennett was incapable of the performance of light work," because both Dr. Martin and Dr. Jennings were of the opinion that plaintiff was totally disabled. Appellant's Br. at 20. Once again, plaintiff mischaracterizes the ALJ's opinion. The ALJ did not state that no physician had found plaintiff incapable of performing light work. Rather, the ALJ first stated "[t]he record contains no treating physician opinion setting forth functional limitations that would preclude light work activity," and later said "[t]he record does not reflect functional restrictions by any physician that would preclude light work activity." Appellant's App., Vol. II at 21-22, 23. Again, the ALJ's actual statements are fully supported by the record. Neither Dr. Martin nor Dr. Jennings was a treating physician, and while both gave the conclusory opinion that plaintiff was temporarily totally disabled, neither noted any specific functional restrictions.

Plaintiff also challenges the ALJ's reliance on the absence of muscle weakness, as well as his alleged failure to consider other evidence that corroborated plaintiff's subjective allegations. Plaintiff did not raise these arguments in the district court, however, so we will not consider them on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

III.

We turn, then, to plaintiff's second issue on appeal. Plaintiff contends that the Commissioner's decision that he is not disabled is not supported by substantial evidence because the Commissioner should have ordered a consultative examination to update the medical record after rejecting the most current medical evidence, rather than rely on remote medical evidence to determine disability. Citing to 42 U.S.C. § 423(d)(5)(B), which provides that the Commissioner "shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability," plaintiff argues that the Commissioner had the burden "to point to substantial evidence which affirmatively established that, *for the 12 month period prior to its denial decision*, Mr. Bennett retained the capacity to perform the demands of alternative work on a sustained basis." Appellant's Br. at 21-22 (emphasis added). Plaintiff notes that the only medical evidence between January 1994 and the Commissioner's final decision were the reports of

Dr. Jennings opining that plaintiff had discogenic disorder and should undergo further neurological examination. Plaintiff then argues that, once the Commissioner chose not to accept Dr. Jennings' opinion, there was no evidence left to support the Commissioner's decision. Therefore, plaintiff concludes, the Commissioner should have ordered a consultative examination to update the medical record, and his failure to do so warrants reversal.

Plaintiff's argument, however, is based on a complete misstatement of the law. As the regulations make clear, the twelve-month period referred to in § 423(d)(5)(B) is the twelve months preceding the claimant's application for benefits, *not* the agency's decision denying benefits. [1] See 20 C.F.R. §§ 404.1512(d), 416.912(d). Further, the ALJ is not obligated to give greater weight to the medical evidence from either the twelve-month period preceding the claimant's application or the twelve-month period preceding his decision. [2]

The record before the Commissioner contained treatment notes from a number of specialists, as well as the results of a variety of diagnostic tests, and

[1] We note that this court has repeatedly instructed both of plaintiff's counsel on the provisions of these regulations. See Breedlove v. Callahan, No. 97-7024, 1997 WL 572145, at *1 (10th Cir. Sept. 8, 1997) (unpublished order and judgment); Rother v. Chater, No. 96-6370, 1997 WL 196692, at **1 (10th Cir. Apr. 23, 1997) (unpublished order and judgment); Smith v. Chater, No. 95-7170, 1996 WL 494322, at **2 (10th Cir. Aug. 29, 1996) (unpublished order and judgment).

[2] We have previously instructed both of plaintiff's counsel on this point as well. See Breedlove, 1997 WL 572145, at *1; Rother, 1997 WL 196692, at **1.

this evidence consistently showed that plaintiff was not disabled.  Therefore, the Commissioner's decision was supported by substantial evidence and he had no need to order another consultative examination to determine whether plaintiff was disabled,  see Hawkins v. Chater , 113 F.3d 1162, 1166 (10th Cir. 1997) (describing circumstances that may warrant a consultative examination).

IV.

This court has the power to impose monetary sanctions to regulate the docket, promote judicial efficiency and to deter frivolous filings.        See Braley v. Campbell , 832 F.2d 1504, 1510 (10th Cir. 1987);    Van Sickle v. Holloway  , 791 F.2d 1431, 1437 (10th Cir. 1986).  "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."        Braley , 832 F.2d at 1510 (quotation omitted).  As discussed above, the first set of contentions advanced by plaintiff's counsel in this appeal are based largely on misstatements of the record and the second set of contentions are based entirely on misstatements of the law.  We are particularly troubled by counsel's persistence in pressing arguments that disregard the plain language of 20 C.F.R. §§ 404.1512(d), 416.912(d) and assert that the ALJ must give greater weight to the evidence obtained during the twelve months preceding his or her decision, despite the fact that we have repeatedly rejected similar arguments from plaintiff's counsel in the past.

Therefore, we order plaintiff's counsel, Mr. McTighe and Ms. Troutman, to show cause why they should not be sanctioned in the amount of $1,000, payable to the Clerk of the United States Court of Appeals for the Tenth Circuit, for advancing frivolous arguments on appeal. Counsel shall have ten days from the date of this Order and Judgment to file written objections to the proposed sanction, which objections shall not exceed ten pages. If the objections are not received by the Clerk of the United States Court of Appeals for the Tenth Circuit within ten days of the filing of this Order and Judgment, the sanction shall be imposed. If Mr. McTighe and Ms. Troutman do file timely objections, the sanction shall not take effect until this court has ruled on the objections.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge