UNITED STATES COURT OF APPEALS
**Filed 7/26/96**
TENTH CIRCUIT

---

WILLIAM (BILL) D. PETERSON, II,

      Plaintiff-Appellant,

v.

ORRIN G. HATCH, Senator, Congress
of the United States of America,

      Defendant-Appellee.

No. 96-4023
(D.C. No. 95-CV-352 S)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Plaintiff-Appellant William (Bill) D. Peterson II appeals the district court's

dismissal with prejudice of his complaint. We exercise jurisdiction under 28 U.S.C. §

1291.

Appellant filed the present action against United States Senator Orrin G. Hatch of

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore
submitted without oral argument.

Utah. Appellant alleged that Senator Hatch's economic policies, specifically his failure to take legislative action to eradicate the country's deficit/trade imbalance and his support of a balanced budget constitutional amendment, violate Art. I, § 8, cls. 1, 2, 3 and 5 of, and the Fourth, Fifth and Seventh Amendments to, the United States Constitution. Appellant's complaint also asserts that Senator Hatch's actions have cost him "his job, his income, his family, home, and business, his savings, security and his future." Complaint ¶ 28. To compensate for his losses, Appellant sought $16.2 million in damages from Senator Hatch.

Pursuant to 28 U.S.C. § 636(b), the district court referred the case to a magistrate. Senator Hatch filed a motion to dismiss. Three days later, plaintiff filed a response to the motion, and he also filed a motion to amend his complaint, in which he sought to add a claim of treason against all members of Congress. After reviewing the pleadings, the magistrate issued a Report and Recommendation in which he recommended, first, that Appellant's complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and second, that Appellant's motion to amend be denied. The magistrate concluded that subject matter jurisdiction was lacking over the complaint, as Appellant's claim against Senator Hatch was barred by the Speech and Debate Clause of the United States Constitution.[1] The magistrate also denied Appellant's motion to amend the

---

[1] "[F]or any Speech or Debate in either House, [members of Congress] shall not be questioned in any other Place." U.S. Const., art. I, § 6, cl. 1.

complaint, concluding that any claims against the other members of Congress also would be barred by the Speech and Debate Clause. The district court adopted the recommendation of the magistrate, and dismissed the complaint under Fed. R. Civ. P. 12(b)(1).[2]

On appeal, Appellant renews his complaints against Senator Hatch's economic policies and contends that the district court's summary action denied him his right to jury trial as guaranteed by the Seventh Amendment. Appellant also contends that the district court erred in not ruling on his claim that the government took his property for public use without just compensation in violation of the Fifth Amendment. We affirm.

First, we agree that the Speech and Debate Clause deprived the district court of jurisdiction over Appellant's claim against Senator Hatch. The Supreme Court has interpreted the Speech and Debate Clause as erecting an absolute bar against all lawsuits challenging a Senator or Representative's legitimate legislative activities--i.e., those activities that are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." Gravel v. United States, 408 U.S. 606, 625 (1972). "In so shielding the legislative branch from

---

[2] The district court also adopted the magistrate's alternative recommendation that the complaint be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

-3-

judicial scrutiny, the clause seeks to protect legislators 'not only from the consequences of litigation's results, but also from the burden of defending themselves.'" Browning v. Clerk, United States House of Representatives, 789 F.2d 923, 927 (D.C. Cir.) (quoting Dombrowski v. Eastland, 387 U.S. 82, 85 (1967)), cert. denied, 479 U.S. 996 (1986). Thus, "once it is determined that Members are acting within the 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference." Eastland v. United States Servicemen's Fund, 421 U.S. 491, 503 (1975) (quoting Doe v. McMillan, 412 U.S. 306, 314 (1973)). The essence of the complaint in this case is that Appellant disagrees with Senator Hatch's legislative judgment concerning the nation's economic policies. Choices about economic policies, however, are matters well within a Senator's "legitimate legislative sphere." Id. Because the Speech and Debate Clause precludes judicial reexamination of those legislative policy choices, Appellant's claim against Senator Hatch was properly dismissed for lack of subject matter jurisdiction.[3] See Browning, 789 F.2d at 931 (dismissing claim barred by Speech and Debate Clause for

_____

[3] For the same reason, we find no error in the denial of Appellant's motion to amend his complaint to add a claim of treason against the members of Congress. Appellant seeks to hold the other members of Congress liable for the same perceived legislative shortcomings alleged to have been perpetuated by Senator Hatch. See Br. of Aplt. at 9 ("The [C]ongress appears to neither understand nor is taking appropriate action to correct the estranged economic situation of the American economy."). Although the Speech and Debate Clause does not insulate a member of Congress for acts of treason, see U.S. Const., art. I, § 6, cl. 1, Appellant cannot create a justiciable claim against members of Congress simply by labeling it "treason." Choices about economic policies, even if they are poor choices, do not amount to treason against the United States.

lack of subject matter jurisdiction). Moreover, because we hold that the district court properly dismissed this claim under Fed. R. Civ. P. 12(b)(1), Appellant's contention that the district court deprived him of his right to a jury trial is without merit.

Second, we affirm the dismissal of Appellant's Fifth Amendment takings claim. Although the district court did not explicitly address the takings claim, we need not remand this issue to the district court, as the sufficiency of the allegations underlying the claim is a legal question, see Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir.), cert. denied, 115 S. Ct. 107 (1994), and as such may be resolved on this appeal. See Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir. 1988). Appellant argues that he provided equipment and technology to the United States government in order to remove and transport uranium tailings from the Salt Lake Valley area. He further contends he was never paid for his work and thus his property was "taken for public use without just compensation" in violation of the Fifth Amendment. Br. of Aplt. at 4. Even assuming that Appellant's takings claim against the government is viable--a question we do not address--the proper defendant to such a claim is not Senator Hatch, but the United States government. Appellant fails to state a Fifth Amendment claim against Senator Hatch and

thus we dismiss this claim under Fed. R. Civ. P. 12(b)(6).

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge