UNITED STATES COURT OF APPEALS

**Filed 10/23/96**

TENTH CIRCUIT

WILLIAM D. PETERSON, II,

      Plaintiff-Appellant,

        v.

SHEILA K. McCLEVE, Circuit Court
Judge,

      Defendant-Appellee.

No. 96-4106
(D.C. No. 96-CV-217)
(D. Utah)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff William D. Peterson II, appearing pro se, filed this action alleging that defendant Sheila K. McCleve, a state circuit court judge, violated his constitutional rights in a state court proceeding. Plaintiff appeals the district court's dismissal of his action and seeks leave to proceed on appeal in forma pauperis. We deny his application to proceed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

on appeal in forma pauperis and dismiss his appeal.

Peterson was a defendant and third-party plaintiff in a civil action in the Third Judicial District for Salt Lake County, Utah. On April 14, 1992, the presiding judge signed an order of default in favor of Peterson and against the third-party defendants. On January 25, 1993, defendant, sitting pro tem, signed an order setting aside the order of default. Plaintiff filed this action on March 14, 1996, claiming defendant's action violated his constitutional rights, and asking the district court to declare defendant's action unlawful and to order defendant to withdraw her order. On May 10, 1996, the district court dismissed the action for lack of jurisdiction.

We construe a pro se litigant's pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If we can reasonably read the pleadings to state a valid claim, we will do so despite the absence of citation of legal authority or other technical failings, but we will not "assume the role of advocate." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

We agree that the district court was without jurisdiction to entertain plaintiff's claims. It is well established that federal district courts lack subject matter jurisdiction to engage in direct review of state court judgments. See, e.g., District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) ("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings."). This doctrine bars not only direct review of state court judgments, but also collateral attacks thereon. Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991) ("Feldman not only prohibited direct review of state court judgments by lower federal courts, but it also prohibited those federal courts from issuing

any declaratory relief that is 'inextricably intertwined' with the state court judgment.").

Motion to proceed on appeal in forma pauperis is DENIED; appeal DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge