132 F.3d 43
 97 CJ C.A.R. 3485
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William D. PETERSON, II, Plaintiff-Appellant,
v.
Michael D. ZIMMERMAN, Supreme Court Judge; Richard G. Howe,
Supreme Court Judge; Geoffrey J. Butler, Clerk; Judith M.
Billings, Utah Court of Appeals Judge; Russell W. Bench,
Utah Court of Appeals Judge; Michael J. Wilkins, Utah Court
of Appeals Judge; Marilyn M. Branch, Clerk; Michael O.
Leavitt, Governor, Defendants-Appellees. Defendants--Appellees.
 No. 97-4145.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1997.
 
 Before ANDERSON, MCKAY and LUCERO, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Mr. Peterson is an abusive filer who has been before this court, the United States District Court for the District of Utah, and the state courts of Utah on numerous occasions.[1] Currently, he is before us appealing the order of the United States District Court for the District of Utah dismissing a 42 U.S.C. § 1983 action against various members of the Utah Supreme Court, various members of the Utah Court of Appeals, a court clerk for the Utah Supreme Court, a court clerk for the Utah Court of Appeals, and the governor of Utah.
 
 
 3
 On August 8, 1997, United States District Judge J. Thomas Greene dismissed the plaintiff's complaint below for failure to state a claim upon which relief could be granted. He found the plaintiff's complaint devoid of merit and entered sanctions of $500 under Federal Rule of Civil Procedure 11. Plaintiff filed a motion for reconsideration of the court's order, which was denied by Judge Greene on September 4, 1997.
 
 
 4
 We have reviewed the plaintiff's filings before us, and also find them meritless. Accordingly, we affirm for substantially the same reasons stated by Judge Greene in his two orders discussed above. In addition, although the district court has sanctioned Mr. Peterson pursuant to Rule 11, we do not consider that sanction alone to be adequate in this case. "The court of appeals also has the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and most importantly in this case, to deter frivolous filings." Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir.1986). We therefore find that a further sanction of $500 to be paid to the Clerk of the United States Court of Appeals for the Tenth Circuit is appropriate in this case.
 
 
 5
 The Clerk of this court is hereby directed to issue an order requiring Peterson to show cause why the above sanction should not be imposed. If adequate response is not received by the Clerk within ten days from the filing of this opinion, the sanctions shall be imposed. See id. The Clerk is further instructed to return any future filings involving the same or similar allegations by Mr. Peterson unless and until all outstanding sums due this court and the United States District Court for the District of Utah have been paid in full.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 With the filing of this appeal, plaintiff has now engaged the work of nine federal appellate judges, three federal district court judges, one federal magistrate judge, and countless court personnel in his law suits against five Utah appellate judges, two Utah supreme court justices, the governor of Utah, a United States senator, and two court clerks in a futile effort to establish that his constitutional rights have been violated. See Peterson v. McCleve, No. 96-4106, 1996 WL 606400 (10th Cir. Oct. 23, 1996); Peterson v. Hatch, No. 96-4023, 1996 WL 421946 (10th Cir. July 26, 1996)