**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM D. PETERSON, II,

            Plaintiff - Appellant,

v.

STATE OF UTAH; UTAH STATE
LEGISLATURE; MICHAEL O.
LEAVITT, Governor,

            Defendants - Appellees.

No. 01-4087
(D.C. No. 2:01-CV-170-K)
(D. Utah)

---

ORDER AND JUDGMENT  *

---

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

    After examining appellant's opening brief and the appellate record, this

panel has determined unanimously that oral argument would not materially assist

the determination of this appeal.     *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G).  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant William D. Peterson, II (plaintiff) is appealing the district court's orders dismissing his complaint and amended complaint. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

In his complaints, plaintiff alleges that defendants have violated his rights under federal law by interfering with his efforts to store spent nuclear fuel in the State of Utah, and he seeks to recover damages from defendants under 42 U.S.C. § 1983. The district court dismissed plaintiff's complaints *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(i)(ii) and (iii), finding: (1) that the State of Utah, the Utah Legislature, and Governor Leavitt, in his official capacity, are entitled to Eleventh Amendment immunity from suits for damages; and (2) that, even if plaintiff is suing Governor Leavitt in his individual capacity, the governor is entitled to qualified immunity because "the law is not clearly settled that plaintiff has standing or a basis to claim a constitutional violation under 42 U.S.C. § 1983, for the conduct alleged." R., Doc. No. 6 at 1. We agree with the district court's analysis, and we affirm for substantially the same reasons set forth in the orders entered by the district court on May 2 and 3, 2001.

In his amended complaint, plaintiff also requested that the district court issue an injunction "demanding that Utah discontinue its unwarranted and impetuous attack on [spent nuclear fuel]." R., Doc. No. 7 at 30. The district court did not specifically address plaintiff's claim for injunctive relief in its order

dismissing plaintiff's amended complaint. However, we can affirm the district court's order on any legal ground the record supports, *see Romano v. Gibson*, 239 F.3d 1156, 1168 (10th Cir.), *cert. denied*, 122 S. Ct. 624, 122 S. Ct. 628 (2001), and we hold that plaintiff has failed to state a claim for injunctive relief. First, plaintiff has failed to demonstrate that he has standing to seek the type of generalized injunctive relief he is requesting. Second, although the Eleventh Amendment does not bar claims for prospective injunctive relief against state officials for ongoing violations of federal law, *see Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 632 (10th Cir. 1998), plaintiff has failed to allege any facts showing that he is currently authorized or entitled under federal law to store spent nuclear fuel in Utah. [1] Consequently, his claim that defendants are violating his rights under federal law is without merit. [2]

---

[1] At best, plaintiff has only alleged that defendants are interfering with his pending application to the Nuclear Regulatory Commission for a license to store spent nuclear fuel in Utah. Even if this allegation is true, plaintiff has failed to demonstrate that the interference amounts to a violation of his rights under federal law.

[2] On appeal, plaintiff has filed a motion for declaratory relief under 28 U.S.C. § 2201 and injunctive relief under Fed. R. Civ. P. 65. Plaintiff did not assert a claim for declaratory relief in his district court complaints, however, and "a federal appellate court does not consider an issue not passed upon below." *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (quotation omitted). With respect to the request for injunctive relief, we deny the motion on the grounds that plaintiff is seeking to assert the same claims and issues that were asserted before the district court, and the motion is therefore without merit and moot.

On May 25, 2001, we entered an order directing plaintiff to show cause why this appeal should not be dismissed for failure to comply with the filing restrictions we previously imposed in *Peterson v. Zimmerman*, No. 97-4145, 1997 WL 785500 (10th Cir. Dec. 22, 1997). Specifically, we directed plaintiff to explain how the claims he seeks to assert in this matter differ from the claims he unsuccessfully asserted in *Peterson v. Zimmerman*. We have reviewed plaintiff's response to the show cause order, and we find that plaintiff has adequately demonstrated that the primary claims he asserts in this case are different from the claims asserted in *Peterson v. Zimmerman*. Accordingly, we discharge the order to show cause.

We note, however, that, in his response to the show cause order, plaintiff failed to inform this court that he included allegations relating to the claims in *Peterson v. Zimmerman* in the amended complaint he filed in this case. *See* R., Doc. No. 7 at 10-11. In fact, plaintiff went so far as to request an award of damages based on the prior claims. *See id.* at 30. Given plaintiff's deceptive response to the show cause order, and the fact that we previously found the claims in *Peterson v. Zimmerman* to be meritless and sanctioned plaintiff $500.00 for filing a frivolous appeal, a sanction he has never paid, we find that an additional sanction of $500.00 is appropriate in this case. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (holding that court of appeals has inherent

-4-

power to impose sanctions to regulate its docket, promote judicial efficiency, and deter frivolous filings).

The clerk of this court is hereby directed to issue an order requiring plaintiff to show cause why the above sanction should not be imposed. If adequate response is not received by the clerk within ten days from the filing of this order and judgment, the sanction shall be imposed. *See id.* The clerk is further instructed to return any future filings involving the same or similar allegations by plaintiff unless and until all outstanding sums due this court and the United States District Court for the District of Utah have been paid in full.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge