**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: WILLIAM D. PETERSON II

    Plaintiff-Appellant.

No. 09-4034
(D. of Utah)
(D.C. No. 2:09-MC-00188)

**ORDER AND JUDGMENT**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

For more than a decade, William D. Peterson II has attempted to sue various parties in the Utah state courts and in the United States District Court for the District of Utah. Peterson also has been sanctioned by district courts under Federal Rule of Civil Procedure 11 for filing meritless pleadings, *see Peterson v. Zimmerman*, No. 97-4145, 1997 WL 785500, at *1 (10th Cir. Dec. 22, 1997), and we have separately ordered him to pay sanctions because he is an "abusive filer." *Id.*; *see also Peterson v. Utah*, 30 F. App'x 937, 940 (10th Cir. 2002).

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In 1998, the district court imposed a filing restriction on Peterson: "[P]laintiff 'is further prohibited from initiating any additional civil action in the United States District Court for the District of Utah without the representation of an attorney . . . unless the plaintiff first obtains leave of the Court to proceed pro se.'" *Peterson v. Peterson*, No. 2:09-mc-00188 (D. Utah Feb. 24, 2009). For our part, we have instructed the Tenth Circuit Clerk to "return any future filings involving the same or similar allegations [raised in his 1996 suit] unless and until all outstanding sums due this court and the United States District Court for the District of Utah have been paid in full." *Peterson*, 30 F. App'x at 940.

Peterson filed his latest complaint pro se,[1] and the district court dismissed it for failure to comply with the 1998 filing restriction. On appeal, Peterson does not suggest he has complied with the district court's filing restriction, nor does he allege he has paid the sanctions and other fees he owes this court and the district court for his past abusive litigation. Moreover, he does not argue the district court's 1998 filing restriction is in any way invalid. Instead, Peterson has filed a June 18, 2009 "Motion" and a June 29, 2009 "Notice to Submit for Decision." In these filings, Peterson requests that we enter a "judgment of Racketeering" in his favor and award him $100 million of damages.

---

[1] Because Peterson proceeds pro se, we are required to construe his filings liberally. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Even so, Peterson's pro se status does not insulate him from the fundamental requirements of the federal procedural rules. *Id*.

District courts have broad power to manage their dockets, and their exercise of that power is reviewed only for abuse of discretion. *See, e.g.*, *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding that a trial court's power to dismiss for lack of prosecution "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion.").

Peterson has consumed more than his fair share of the federal judiciary's limited resources. *See, e.g.*, *Peterson*, 1997 WL 785500, at *1 n.1 ("With the filing of this appeal, plaintiff has now engaged the work of nine federal appellate judges, three federal district court judges, one federal magistrate judge, and countless court personnel in his law suits against five Utah appellate judges, two Utah supreme court justices, the governor of Utah, a United States senator, and two court clerks in a futile effort to establish that his constitutional rights have been violated."). Given Peterson's history of abusive filings, we hold that the district court acted well within its discretion in imposing the 1998 filing restriction and applying it to Peterson's present suit.

We therefore exercise jurisdiction under 28 U.S.C. § 1291 to AFFIRM the district court's dismissal of Peterson's complaint. We further DENY Peterson's June 18, 2009 Motion and his June 29, 2009 Notice.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge