5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin J. BARNETT; Robert L. Brock, Plaintiffs-Appellants,
Fred L. ANDERSON, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 93-6085.
 United States Court of Appeals, Tenth Circuit.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Sept. 14, 1993.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Barnett and Mr. Brock (Appellants), pro se litigants, appeal the decision of the district court dismissing their complaint for failure to state a claim.
 
 
 4
 The complaint filed by Appellants is not a model to be followed by other pro se litigants. Applying the well known rules relating to the construction of pro se complaint, the complaint appears to attempt to set forth two claims, one for conversion (attaching wages for past due income taxes), and one for a violation of due process rights (Mr. Brock contends he is Mr. Barnett's common law counsel and he was denied the opportunity to represent Mr. Barnett in a hearing that he scheduled at the Iron Skillet Restaurant).
 
 
 5
 Defendant moved to dismiss the complaint, and Appellants failed to contest this motion. The district court nevertheless carefully reviewed the complaint and concluded the count for conversion could not stand because the Appellants failed to allege an unlawful act, and the court determined the second count was frivolous. The district court granted the motion to dismiss.
 
 
 6
 Appellants, in their pro se brief, raise numerous creative arguments including, by way of illustration assertions, that Oklahoma City (where the acts occurred) has never been ceded to the United States; the IRS is not registered with the Oklahoma Secretary of State; Mr. Barnett is not a person; and, having filed a rescission of contracts with the IRS, they are not subject to jurisdiction. Nevertheless, a fair reading of this brief appears to reveal Appellants believe there exists no law imposing an income tax on resident United States citizens whose income is derived from sources within the United States. All of Appellants' arguments stem from this basic assertion.
 
 
 7
 The law requires a complaint to be dismissed if it fails to show the plaintiff is entitled to relief. Stated somewhat differently, this law states that even if Plaintiff proved every fact set forth in his complaint, if he still would not be entitled to a judgment against Defendant, then the complaint must be dismissed.
 
 
 8
 To recover on a conversion claim, an unlawful act must be alleged. Appellants failed to allege an unlawful act. Notwithstanding Appellants' assertions, federal income taxes are authorized by the Sixteenth Amendment and the Internal Revenue Code. There is no wrongful act in the Government imposing and collecting an income tax.
 
 
 9
 The second cause of action is indeed frivolous. "Common law counsels' " Due Process rights cannot be violated by the Government's failure to appear at a nonjudicial hearing scheduled by "Common Law Counsel" at a restaurant.
 
 
 10
 The Appellants argue on appeal that the district court erred in granting Defendant's motion to remove the case from state court to federal court. The removal was appropriate because the defendant in this case was an officer of the United States and because the case involved federal law. The district court was correct in granting the defendant's motion to remove the case to the federal court system.
 
 
 11
 The Appellants raise other random issues that have no merit and therefore merit no discussion.
 
 
 12
 The Judgment of the district court is AFFIRMED.
 
 
 13
 Appellee has requested sanctions for the bringing of a frivolous appeal and Appellants have not responded.
 
 
 14
 Courts have long held that a person has the right to represent himself in a judicial proceeding. When this occurs, certain rules of pleading are relaxed; however, a pro se litigant is still accountable for his lawsuit. The right to file a lawsuit demands accountability in order that this right not be abused.
 
 
 15
 The case before us represents Appellants' beliefs as to the legal nonexistence of the income tax. This contention has often been litigated, and had Appellants done any research into court decisions, they would have realized this fact. The claim as to Due Process violation of common law counsel's rights offers no basis of recovery in fact or law. In short, Appellants' positions are not well grounded in fact or law.
 
 
 16
 Appellants have employed the courts much as others would employ a letters-to-the-editor section of a newspaper. Appellants have made no good faith effort to demonstrate error in the district court's carefully written decision. Instead, they advance the arguments mentioned above. Appellants' actions have caused the taxpayers considerable expense in defending this unfounded and frivolous appeal and sanctions should be imposed.
 
 
 17
 He who dances must pay the fiddler. Likewise, he who files a frivolous appeal must pay his opponent. Sanctions for filing a frivolous appeal are hereby imposed upon Mr. Barnett and his common law counsel in the amount of $500 each, which shall be paid to appellee within sixty days of the date of entry of this order and judgment.
 
 
 18
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3