**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MORRIS MYERS,

      Plaintiff-Appellant,

v.

THIRD JUDICIAL DISTRICT
COURT; SALT LAKE COUNTY;
STATE OF UTAH; WILLIAM B.
BOHLING, Judge, Third Judicial
District Court,

      Defendants,

    and

MUTUAL MORTGAGE SERVICES,

      Defendant-Intervenor-
Appellee.

No. 97-4201
(D.C. No. 97-CV-822-C)
(D. Utah)

---

ORDER AND JUDGMENT [*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA** and **McKAY** , Circuit Judges, and   **BROWN,** [**] Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Morris Myers (Meyers) brought an action in the United States District Court for the District of Utah alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  He seeks a "declaration" that a 1997 decree of foreclosure and judgment entered by the defendant state district judge "impinges plaintiff's due process rights under the 14th Amendment."  Plaintiff's Affidavit/Opposition to Intervenor's Motion for Preliminary Injunction at 1.  In connection with that action, he filed a notice of      lis pendens  on certain property of Mutual Mortgage Services, Inc. (Mutual), a nonparty to the action.  After discovering the   lis pendens  while negotiating the sale of the property, Mutual sought permission to intervene and for a temporary restraining order (TRO) and preliminary injunction.

---

[**]     Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

Following a hearing, the motions to intervene and for a TRO were granted; the preliminary injunction was entered shortly thereafter. Myers has timely appealed the grant of the preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

> The district court may grant a preliminary injunction if the party seeking it shows: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest.

Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs., 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing Autoskill Inc. v. Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1487 (10th Cir. 1993).

We review the district court's grant of a preliminary injunction under an abuse of discretion standard. See Elam Constr., Inc. v. RTD, 129 F.3d 1343, 1346 (10th Cir. 1997), cert. denied, 118 S. Ct. 1363 (1998) (citing Walmer v. United States Dep't of Defense, 52 F.3d 851, 854 (10th Cir. 1995). See also SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991) ("We will not set aside a preliminary injunction unless the district court abuses its discretion, commits an error of law, or is clearly erroneous in its preliminary factual findings . . . ." (citations omitted)). We have long held that "'[a]n abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of

law or where there is no rational basis in the evidence for the ruling.'" Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997) (quotation omitted).

The district court found that Mutual's likelihood of success on the merits was "overwhelming" and that the potential harm if the injunction were not granted would be "substantial." The court also determined that Myers would suffer no harm because there was "no evidence in the record that Myers ever even had an ownership interest in the subject property." Intervenor/Appellee's Br., tab 2 at 5. Finally, the court decided that the public interest weighed in favor of Mutual because Myers "recorded the lis pendens on the property of a corporation not even named as a party to this action and in a case where the only claims deal with the procedures employed in the state courts." Id. Being fully informed of the factual background of this case, including the Utah state and appellate courts' rejection of Myers' identical "res judicata" arguments, we uphold the district court's determination that Mutual satisfied the requirements for obtaining a preliminary injunction for substantially the reasons stated in its order of November 25, 1997.

We turn now to Mutual's motion for damages made pursuant to Fed. R. App. P. 38. Under Rule 38, a court of appeals is authorized to award "just damages, including attorney's fees, and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay." Braley v. Campbell, 832

F.2d 1504, 1510 (10th Cir 1987) (citations omitted). "An appeal is frivolous when 'the result is obvious or the appellant's arguments of error are wholly without merit.'" Id. (citations omitted).

Plaintiff has had notice of the motion. See Braley, 832 F.2d at 1515 (noting requirements of notice). In response, he states that "[a]n appeal is frivolous only if the facts alleged arise to the level of the irrational or the wholly incredible; or the claim is based on an indisputably meritless legal theory," Appellant's Reply Br. at 14 (citations omitted), and that his appeal, even if not meritorious, is plainly not frivolous. He in turn asks this court to sanction Mutual an amount of $5,000 for its "frivolous motion for Rule 38 damages." Id.

We note that the Utah Court of Appeals has sanctioned plaintiff for raising identical arguments, holding that "[t]he present appeal is 'not grounded in fact, not warranted by existing law, [and] not based on a good faith argument to extend, modify, or reverse existing law.'" Mutual Mortgage Servs. Inc. v. Rattlin Gold, Inc., No. 970175-CA (Utah Ct. App. May 22, 1997) (quoting Utah R. App. P. 33(a)). See Intervenor/Appellees' Br., tab 4 at 2-3.

Myers has not adequately informed this court how the district court abused its discretion in granting the injunction, except to argue that the order is "void as being in violation of Myers' due process rights under the Fourteenth Amendment," Appellant's Reply Br. at 13, and to assert that the district court's reliance on the

decision of the Utah Court of Appeals was improper, Appellant's Reply Br. at 11. He also contends that the district court misapprehended the "true basis for the res judicata claim." Appellant's Reply Br., p. 7. He in essence simply repeats arguments he has been previously warned are without legal merit and continues his attack on the judgment of the Utah Court of Appeals. See Olson v. Coleman, 997 F.2d 726, 728 (10th Cir. 1993) (finding appeal frivolous for failing to present any reasonable argument that the district court erred in its disposition); Barnett v. United States, No. 93-6085, 1993 WL 349417 at **2 (10th Cir. Sept. 14, 1993) (finding appeal frivolous where appellant made no good faith effort to demonstrate error in district court's decision).

This action is in essence a challenge to a state court decision with which plaintiff disagrees, and over which federal courts lack jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986). This appeal is both frivolous and abusive.

Accordingly, we GRANT Mutual's motion and award Mutual double costs and damages against Myers in the amount of $1,000. The order of the district court

granting Mutual's motion for a preliminary injunction is AFFIRMED.  The mandate

shall issue forthwith.


                                       Entered for the Court


                                       Wesley E. Brown
                                       Senior District Judge