**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MORRIS MYERS,

      Plaintiff-Appellant,

v.

THIRD JUDICIAL DISTRICT
COURT; SALT LAKE COUNTY;
STATE OF UTAH; WILLIAM B.
BOHLING, Judge, Third Judicial
District Court,

      Defendants-Appellees,

and

MUTUAL MORTGAGE SERVICES,

      Defendant-Intervenor-Appellee.

No. 98-4161
(D.C. No. 97-CV-822-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is taken from the district court's dismissal of plaintiff's action brought pursuant to 42 U.S.C. § 1983. Plaintiff claimed that the defendants violated his constitutional rights by entering a state court judgment for judicial foreclosure of a promissory note and trust deed in favor of Mutual Mortgage Services, Inc., intervenor/appellee in this action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In an earlier appeal, we affirmed the district court's entry of a preliminary injunction in favor of Mutual Mortgage Services, Inc., see Myers v. Third Judicial Dist. Court, No. 97-4201, 1998 WL 438635 (10th Cir. July 14, 1998) (unpublished order and judgment), cert. denied, 119 S. Ct. 874 (1999), finding that appeal to be both frivolous and abusive. Id. at **3. We also noted that this action is in essence a challenge to a state court decision with which plaintiff disagrees, and over which federal courts lack jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986). Id.

The district court subsequently dismissed the action, recognizing its lack of jurisdiction to review the final judgment of a state court. We review the district court's dismissal for lack of subject matter jurisdiction de novo. See Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998).

Review of decisions of state courts is barred by the doctrine of Rooker-Feldman. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-16 (1923); Feldman, 460 U.S. at 482. This is true even if the challenge to judicial proceedings alleges "that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme] Court." Feldman, 460 U.S. at 486. Moreover, Feldman prohibits not only direct review of state court judgments by lower federal courts, it also prohibits "those federal courts from issuing any declaratory relief that is 'inextricably intertwined' with the state court judgment." Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991) (quoting Feldman, 460 U.S. at 482 n.16).

Mr. Myers's argument that the decision he is challenging as unconstitutional was issued by the Utah Court of Appeals, not the Utah Supreme Court, does not change the fundamental principle that the losing party "in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De

Grandy, 512 U.S. 997, 1005-06 (1994);    see also Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) ("It is well settled that federal courts are without authority to review state court judgments where the relief sought is in the nature of appellate review.").

The district court correctly concluded it lacked jurisdiction to entertain this action.

**AFFIRMED** . The mandate shall issue forthwith.


Entered for the Court


James E. Barrett
Senior Circuit Judge