**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL J. CORY,

        Plaintiff-Appellant,

v.

DORIS FAHLSTROM; THOMAS M.
TUGGLE, Judge; GUY R. STEIER;
PATRIK W. NEUSTROM;
SAMANTHA P. ANGELL; and
DANA BREWER,

        Defendants-Appellees.

No. 03-3079

(D.C. No. 02-CV-1313-JTM)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit
Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

The present civil rights appeal involves two Kansas state court cases – a

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

probate case and a related civil case filed against Appellant to recover assets of the estate. Appellant alleges that Appellees conspired to deny him due process and denied him due process in connection with these two cases. In two separate orders, the district court granted summary judgment for all Appellees, ruling that Appellant's attempt to obtain review of the judgments entered in the state court cases were barred by the Rooker-Feldman Doctrine.

We agree with the district court that Appellant's civil rights claims are barred by the Rooker-Feldman Doctrine. Pursuant to the Rooker-Feldman Doctrine, "[a] federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court." Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman Doctrine also bars cases that are "inextricably intertwined" with prior state court decisions. Feldman, 460 U.S. at 486-87; Van Sickle, 791 F.2d at 1436. This is true even when "those challenges allege that the state court's action was unconstitutional." Van Sickle, 791 F.2d at 1436 (quoting Feldman, 460 U.S. at 486).

Appellant's claims all arise from the prior Kansas state court proceedings or are inextricably intertwined with those proceedings. Therefore, after a

thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's well-reasoned orders, we hold that no relief is available to Appellant.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge