**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL J. CORY,

        Plaintiff-Appellant,

    v.

DORIS FAHLSTROM; THOMAS M.
TUGGLE, Judge; GUY R. STEIER;
PATRIK W. NEUSTROM;
SAMANTHA P. ANGELL; DANA
BREWER,

        Defendants-Appellees.

No. 05-3010

District of Kansas

(D.C. No. 04-CV-4075-RDR)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Bill Cory appeals from the dismissal of his complaint on the basis of res judicata.  For the following reasons, we AFFIRM the dismissal of this case and DENY the appellees' motion for sanctions pursuant to Fed. R. App. P. 38.

**Factual and Procedural Background**

Mr. Cory filed this pro se lawsuit against six defendants, presenting various claims under § 1983 and the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.  Mr. Cory's claims arise out of two prior state court actions in which he was involved.

In 1999 and 2000, Defendant Doris Fahlstrom filed two separate cases in Kansas state court against Mr. Cory, both referring to a contested probate proceeding.  On November 8, 2000, the parties entered into a settlement agreement that purported to resolve all real or potential claims either party had against the other.  However, on August 30, 2002, Mr. Cory filed a lawsuit (hereinafter "*Cory I*") in federal district court against Fahlstrom, her attorneys, and the presiding state court judge, alleging that they conspired to deny him due process.  The court dismissed this suit under the *Rooker-Feldman* doctrine, which precludes a losing party in a state court action from filing suit in federal court to set aside the state court judgment.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  This Court

affirmed the district court's decision, *see Cory v. Fahlstrom*, 80 Fed.Appx. 656 (10th Cir. 2003)**,** *cert. denied*, 541 U.S. 973 (2004).

On June 29, 2004, Mr. Cory filed this suit against the same defendants, alleging the same civil rights claims, but adding a RICO claim. The district court dismissed Mr. Cory's complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6), applying the doctrine of res judicata. The defendants moved for Rule 11 sanctions, which the district court denied because the plaintiff was pro se and res judicata is a complex legal doctrine. However, the district court "warn[ed] plaintiff that any further actions against defendants arising out of the state court cases will almost assuredly be concluded with the imposition of sanctions against him." R. Doc. 7.

Mr. Cory appeals the district court's dismissal of his claims, and in response the appellees request sanctions under Fed. R. App. P. 38.

**Discussion**

We review de novo the dismissal of a complaint under Rule 12(b)(6), confining our review to the allegations of the complaint and taking them as true. *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993). We review questions of res judicata de novo. *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1082 (10th Cir. 1996). Res judicata is an affirmative defense that "encompasses two distinct barriers to repeat litigation: claim preclusion and issue

preclusion." *Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1135-36 (citing *Baker ex rel. Thomas v. General Motors Corp.*, 522 U.S. 222, 233 n.5 (1998)). The district court decided this case on claim preclusion grounds, which was improper because claim preclusion only applies when the prior suit "ended with a judgment on the merits." *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Mr. Cory's first suit did not end with a judgment on the merits; instead, the court dismissed the suit for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Issue preclusion, however, is appropriate with respect to the claims in the second lawsuit that mirror the claims in the first lawsuit.

Issue preclusion prevents a party from relitigating a jurisdictional question when the party had a full and fair opportunity to litigate the matter in the prior case and the party is reasserting an identical jurisdictional claim. *Park Lake Res.*, 378 F.3d at 1136. Mr. Cory has already litigated the question of subject matter jurisdiction on his civil rights claims against the defendants. The district court concluded that there was no subject matter jurisdiction for those claims, this Court affirmed that conclusion, and the United States Supreme Court declined to hear the case. The issue has been decided, and Mr. Cory is precluded from asserting it again.

Mr. Cory has not had an opportunity to litigate his RICO claims, so he is not precluded from asserting this claim. However, the RICO claims face the same problem as the civil rights claims did the first time around—the *Rooker-Feldman* doctrine bars subject matter jurisdiction.[1] As the Supreme Court recently held: "The *Rooker-Feldman* doctrine [prohibits] . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1521-22 (2005). Mr. Cory's RICO claim alleges a byzantine conspiracy between Ms. Fahlstrom, her attorneys, and the state court judge to defraud Mr. Cory through the Kansas state court system. This is a claim that he was injured by the state court judgment, which is precisely the type of claim prohibited by the *Rooker-Feldman* doctrine. *See Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (*Rooker-Feldman* prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (quoting

---

[1] The Defendants do not raise a *Rooker-Feldman* argument, but because the issue is jurisdictional we may address it sua sponte. *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706 (10th Cir. 2004) ("[W]e have an ongoing duty to ensure that our jurisdiction is proper . . . .").

*Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994)).  Consequently, we are without subject matter jurisdiction to consider this claim.

The appellees have requested sanctions against Mr. Cory under Fed. R. App. P. 38.  "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and a reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. App. P. 38.  "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."  *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotation marks omitted).  The fact that Mr. Cory is a pro se litigant does not prohibit us from imposing sanctions.  *See Haworth v. Royal (In re Haworth)*, 347 F.3d 1189, 1192 (10th Cir. 2003).

This appeal is indeed frivolous, and Mr. Cory would have no just cause for complaint if sanctions were imposed.  Whatever the arguable merits of his original case, he lost, and it is an abuse of the judicial system for him to continue to harass his opponents with repeated litigation of the same claims.  In his reply brief, Mr. Cory implies that he has not yet learned this lesson.  *See* Aplt. Reply Br. 5–6 (stating that "he practices due diligence in the law and will never accept a violation of his Constitutional Rights").  This shows a fundamental misunderstanding.  A court is not like a pin-ball machine, in which a player

dissatisfied with his result can try his hand over and over again. Once a litigant has had a full and fair opportunity to present his claims in court and has lost, it is time for him to "accept" the result, at least to the extent of refraining from bringing repetitive lawsuits.

In what we hope is not misplaced forbearance, however, we deny Defendants' motion for sanctions on this appeal. The district court warned Mr. Cory against filing "any further actions against the defendants arising out of the state court cases." R. Doc. 34 at 7. This warning may not have been understood to extend to an appeal of the decision below. We nonetheless join the district court in admonishing Mr. Cory to refrain from further repetitive litigation of these matters.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court,

Michael W. McConnell
Circuit Judge